**Alfred EKANEM, et al.,
Plaintiffs-Appellants,**

v.

**The HEALTH AND HOSPITAL CORPORATION OF MARION COUNTY, INDIANA, et al., Defendants-Appellees.**

No. 85–1133.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 27, 1985.

Decided Dec. 5, 1985.

John O. Moss, Indianapolis, Ind., for plaintiffs-appellants.

Gregory J. Utken, Roberts, Ryder, Rogers & Scism, Indianapolis, Ind., for defendants-appellees.

Before BAUER, COFFEY, Circuit Judges, and GORDON, Senior District Judge.*

---

* The Honorable Myron L. Gordon, Senior District Judge of the Eastern District of Wisconsin, is sitting by designation.

1. A more complete statement of the background facts appears in our opinion in *Ekanem I* and will not be repeated here since they are not relevant to the issue of whether the plaintiffs may receive appellate attorneys fees.

COFFEY, Circuit Judge.

The plaintiffs appeal the district court's denial of their petition for appellate attorneys fees. We affirm.

### I.

This appeal of individual and class claims alleging racial discrimination in employment practices, retaliation for protesting such discrimination, and violation of First Amendment rights is before this court for the third time.[1] In *Ekanem v. Health & Hosp. Corp.*, 589 F.2d 316 (7th Cir.1978) (*"Ekanem I"*), we reversed the district court's grant of a preliminary injunction enjoining retaliatory acts and ordering the defendant Health and Hospital Corporation to reinstate Ekanem on the grounds that the plaintiffs had failed to show irreparable harm and a substantial likelihood of success on the merits. Following the reversal of the preliminary injunction, a trial on the merits was held. After the plaintiffs concluded their case in chief, the district court granted the defendants' Fed.R.Civ.P. 41(b) motion to dismiss holding that the plaintiffs had failed to demonstrate prima facie cases of discrimination and retaliation. Additionally, the district court awarded the defendants attorneys fees finding that our reversal of the preliminary injunction was a clear indication that the plaintiffs' claims were frivolous, unreasonable and groundless.[2] The plaintiffs appealed both the grant of the Rule 41(b) motion to dismiss and the award of attorneys fees to the defendants. *Ekanem v. Health & Hosp. Corp.*, 724 F.2d 563 (7th Cir.1983) (*"Ekanem II"*). In their brief to this court, the defendants petitioned for an award of appellate attorneys fees. Our court determined that the district court erred in rejecting statistical evidence offered by the plain-

---

2. The parties briefs and our decision in *Ekanem II* fail to reveal whether the district court's award of attorneys fees to the defendants was limited to the preparation and conduct of the matters (preliminary injunction, trial on the merits) before the district court as it included the work on the appeal.

tiff and held that the relevant labor pool in a statistical analysis of the defendants' "pattern and practice" of discrimination was the work force within the Corporation rather than the outside community, as the district court held. *Id.* at 572. We affirmed the district court's dismissal of the class claims, as the class lacked a proper representative. *Id.* at 572–73. The dismissal of the individual claims for failure to present prima facie cases of discrimination were also affirmed. *Id.* at 567–72. Moreover, our court reversed the award of attorney's fees to the defendants, labeling the issue "a close call" and giving "the benefit of the doubt" to the plaintiffs. *Id.* at 574–75. Without mentioning the issue of appellate attorneys fees, we held: "The parties shall bear their own costs." *Id.* at 575.

On July 27, 1984, Ekanem filed a petition with the district court seeking, "reasonable attorneys' fees for legal services rendered on behalf of the plaintiff herein in connection with that portion of the decision of the court of appeals rendered on December 14, 1983, which reversed the district court's judgment awarding attorneys' fees to the defendant." The district court denied the petition for appellate attorneys fees, finding that because the plaintiffs failed to "achieve any relief in the Appellate Court sought by them in bringing this action in the first instance," they were not "prevailing parties" as that term is used in § 706 of Title VII (42 U.S.C. § 2000e–5(K)). Furthermore, the district court determined that "both parties urged in their appellate briefs that the Court of Appeals award them attorneys' fees for their work." "[I]mpressed with the fact that the Court of Appeals did not remand this case for a determination of fees as it has in other cases, ... but stated that each party was to bear its own costs," the district court "felt" that this additional reason precluded it from finding for the plaintiffs.

## II.

### A. *"Costs" under Fed.R.App.P. 39*

■ The defendants argue that the district court was correct not only in determining that "both parties urged in their appellate briefs that the Court of Appeals award them attorneys' fees for their work" but also in its conclusion that we rejected the claim for appellate attorneys fees when we held that "the parties shall bear their own costs." In our summary of the issues presented in *Ekanem II*, we acknowledged that the defendants had petitioned for an award of appellate attorneys fees but failed to mention a corresponding request for appellate attorneys fees by the plaintiff. 724 F.2d at 566. Indeed, an examination of the plaintiffs' argument on the attorneys fees issue in *Ekanem II*, reproduced in its entirety below, reveals that they failed to specifically request *appellate* attorneys fees:

> "*Attorneys' Fees* —The trial court's finding that plaintiffs' case was frivolous is clearly erroneous and is neither supported by the record, nor does it meet the minimum test of frivolity set forth in *Christianburg v. EEOC,* 434 U.S. 412 [98 S.Ct. 694, 54 L.Ed.2d 648] (1978). *Conclusion* —The plaintiffs made a prima facie case under Title VII §§ 703 and 704, 42 U.S.C. §§ 1983, 1984, 1985, 1988 and the 1st and 14th Amendments. The trial court's judgment of 10/29/80, 11/28/80, and 5/15/81 should be reversed. Costs should be assessed against defendants and plaintiffs should be awarded attorney's fees."

(Footnotes omitted). Furthermore, at the time our decision was rendered in *Ekanem II*, the rule in this circuit was that, even though attorneys fees are awarded "as part of the costs" in the Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. § 1988, an award of costs under Fed.R. App.P. 39 was limited to the items listed in Rule 39 and did not include an award of attorneys fees.[3] *Terket v. Lund,* 623 F.2d

---

**3.** Following the Supreme Court's decisions in *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (holding that

the imposition of costs under 28 U.S.C. § 1927, as a penalty for vexatiously multiplying the litigation, did not include an award of attorneys

29, 33 (7th Cir.1980); *Davis v. Murphy,* 587 F.2d 362 (7th Cir.1978). We hold that the issue of whether the plaintiffs should recover appellate attorneys fees was not before this court in *Ekanem II* and that our mandate that the parties bear their own costs was not a determination of whether the plaintiffs were entitled to appellate attorneys fees.

■ The defendants additionally argue that the plaintiffs, who filed their petition for appellate attorneys fees in the district court while a petition for certiorari in *Ekanem II* was pending, erred in filing their petition for appellate attorneys fees in the district court rather than the court of appeals and that the petition was untimely. The defendants argue that, "although there appears to be no specific rules governing the procedure or timing for seeking fees for appellate work," attorneys fees were, under their theory, awarded as part of the "costs" in *Ekanem II* and the plaintiffs should have filed a petition in our court within fourteen days after the entry of our judgment. As we explained above, our award of costs in *Ekanem II* did not include an award of attorneys fees. Furthermore, our research reveals that a petition on entitlement to appellate attorneys fees may be filed in either the district court or the court of appeals. *See e.g., Bond v. Stanton,* 630 F.2d 1231 (7th Cir.1980) (petition for appellate attorneys fees filed in the district court); *Muscare v. Quinn,* 614 F.2d 577 (7th Cir.1980) (petition for appellate attorneys fees filed in the district court); *Bugg v. Int. U. of Allied Indus. Workers of Am.,* 674 F.2d 595 (7th Cir.1982) (petition for appellate attorneys fees filed in court of appeals); *Chrapliwy v. UniRoyal, Inc.,* 670 F.2d 760 (7th Cir.1982) (petition for appellate attorneys' fees filed in the court of appeals); *see generally,* 2 Derfner & Wolf, Court Awarded Attorneys Fees,

¶ 18.05[3][a] (1985). Moreover, because an "award of attorneys' fees under § 1988 is a decision distinct from the decision on the merits," *Terket v. Lund,* 623 F.2d 29, 33 (7th Cir.1980), the filing of a petition for appellate attorneys fees in the district court is not governed by the timeliness requirement of Fed.R.App.P. 39. *Cf. Bond,* 630 F.2d at 1234 (a petition for attorneys fees under 42 U.S.C. § 1988 is not governed by the 10-day filing deadline of Fed.R.Civ.P. 59(e) because it is a motion for costs under Fed.R.Civ.P. 54(d)). We therefore hold that the defendants' argument that the petition for appellate attorneys fees was untimely and improperly filed in the district court is without merit.

### B. *Prevailing Party*

The plaintiffs dispute the district court's finding that they were not "prevailing parties" arguing: (1) they gained relief in the court of appeals in the reversals of the award of attorneys' fees to the defendants and of the district court's definition of the relevant labor pool; (2) charges filed with the EEOC caused the defendants to change their allegedly illegal employment practices; and (3) the named plaintiff, Ekanem, was rehired by the corporation in the Fall of 1978 in response to the district court's preliminary injunction.

■ To recover attorneys' fees under the Civil Rights Act, 42 U.S.C. § 2000e–5(k), the plaintiff must be a "prevailing party"—*i.e.,* he must, "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983). "The proper focus is whether the plaintiff has been successful on the central issue as exhibited by the fact that he has acquired the primary relief

fees pursuant to the Civil Rights Attorneys' Fees Awards Act) and *Marek v. Chesny,* —— U.S. ——, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) (holding that an award of costs under Fed.R.Civ.P. 68 includes attorneys fees in actions governed by the Civil Rights Attorneys' Fees Awards Act) it is no longer clear whether an award of costs under Fed.R.App.P. 39 includes attorneys fees under

the Civil Rights Attorneys' Fees Awards Act. We need not reach the issue of whether costs awarded under Fed.R.App.P. 39 in civil rights cases decided after *Marek* include attorneys fees because *Ekanem II* was decided before *Marek* and at the time our decision was issued, the rule in this circuit was that an award of costs under Fed.R.App.P. 39 did not include attorneys fees.

sought." *Id.* at n. 8. The plaintiff is not a prevailing party if his appeal only results in the reversal of procedural or evidentiary rulings by the district court: "As is true of other procedural or evidentiary rulings, these determinations may affect the disposition on the merits, but were themselves not matters on which a party could 'prevail' for purposes of shifting his counsel fees to the opposing party under § 1988." *Hanrahan v. Hampton,* 446 U.S. 754, 759, 100 S.Ct. 1987, 1990, 64 L.Ed.2d 670 (1980) (the court of appeal's reversal of the district court's ruling on the extent of discovery does not make a plaintiff a prevailing party). Initially we note that the definition of the relevant labor pool and the determination that the defendants were not entitled to attorneys fees were not "the benefit the parties sought in bringing suit" and a reversal of the district court's decisions on these matters, therefore, does not make the plaintiffs "prevailing parties." Moreover, the district court found that the plaintiffs' lawsuit did not "act[ ] as a catalyst in changing Defendants disputed practices. The Court finds that the practices were in place and established prior to the lawsuit even being filed." The findings of fact of the district court will not be set aside unless they are clearly erroneous. Fed.R. Civ.P. 52(a). The plaintiff fails to point to any specific fact demonstrating an error in the district court's finding that the plaintiffs' lawsuit did not cause the defendants to change their employment practices; we therefore refuse to reverse the district court's determination that the defendants' "practices were in place and established prior to the lawsuit ever being filed." Finally, as to the claim based on Ekanem's reinstatement under the preliminary injunction, the grant of a preliminary injunction does not make the plaintiff a prevailing party if the preliminary injunction merely preserved the status quo and was not a determination on the merits. *Smith v. Univ. of North Carolina,* 632 F.2d 316, 350–53 (4th Cir.1980). Although reinstatement was one of the benefits Ekanem sought when he initiated this lawsuit, he cannot be classified as a "prevailing party"

since this court reversed the preliminary injunction on the ground, *inter alia,* that the plaintiff was unable to show a substantial likelihood of success on the merits. *Ekanem I,* 589 F.2d at 319–21. Indeed, at the trial on the merits, the district court granted the defendants' motion to dismiss Ekanem's individual claim under Rule 41(b) for failure to establish a prima facie case of discrimination or retaliation and our court affirmed the dismissal. *Ekanem II,* 724 F.2d at 569–72. Thus, because the preliminary injunction was reversed and Ekanem's individual claim failed both at trial and on appeal, he cannot be characterized as a "prevailing party." We hold that the district court correctly found that the plaintiffs were not prevailing parties and were not entitled to appellate attorneys fees.

The decision of the district court denying the plaintiffs' appellate attorneys fees is AFFIRMED.