**Susanne LITTLEFIELD, Plaintiff,**

v.

**Wally MACK, Santa Maria Realty and Malcolm McGuffey, Defendants.**

**No. 88 C 9803.**

United States District Court, N.D. Illinois, E.D.

Jan. 21, 1991.

Aram A. Hartunian, Steven P. Schneck, Hartunian, Futterman & Howard, Chtd., Chicago, Ill., for plaintiff.

Richard H. Hoffman, Querrey & Harrow, Ltd., John T. Harris, James T. Elsesser & Associates, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ANN C. WILLIAMS, District Judge.

Plaintiff filed a motion, pursuant to Fed. R.App.P. 7, requesting that the court order defendant to file a bond or adequate security to ensure payment of costs, including attorney's fees, on appeal. Defendant contends that he should not be required to file a bond to ensure payment of plaintiff's attorney's fees on appeal because attorney's fees are not part of the "costs" of appeal. For the following reasons, the court denies plaintiff's motion insofar as it requests a bond to secure payment of attorney's fees on appeal. If plaintiff requires a bond to secure any of the costs of appeal listed in Federal Rule of Appellate Procedure 39, plaintiff should refile her motion and specify which Rule 39 costs of appeal she needs secured by a bond.

Federal Rule of Appellate Procedure 7 provides that "[t]he district court may require an appellant to file a bond or provide other security in such form and amount as it finds necessary to ensure payment of costs on appeal in a civil case." Federal Rule of Appellate Procedure 39(e) defines the costs of appeal as the cost of trans-

mission of the record, the cost of the reporter's transcript, premiums paid for bonds, and the fee for filing the notice of appeal. Rule 39(e) clearly does not include attorney's fees as a cost of appeal. However, because 42 U.S.C. § 1988 states that successful civil rights litigants may be awarded attorney's fees "as part of the costs," plaintiff maintains that section 1988 attorney's fees should be considered a cost of appeal within the meaning of Rules 7 and 39(e) and that defendant should have to post a bond to secure that cost.

Until the U.S. Supreme Court issued *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), the rule in the Seventh Circuit was that "even though attorneys fees are awarded 'as part of the costs' in the Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. § 1988, an award of costs under Fed.R.App.P. 39 was limited to the items listed in Rule 39 and did not include an award of attorney's fees." *Ekanem v. Health & Hospital Corporation of Marion County, Indiana*, 778 F.2d 1254, 1256–57 (7th Cir.1985). In *Marek v. Chesny, supra*, the Supreme Court held that the word "costs" in Fed.R.Civ.P. 68 includes attorney's fees awardable under 42 U.S.C. § 1988. Thus, because the *Marek* Court found that section 1988 attorney's fees could be considered costs in some situations, the Seventh Circuit stated that "it is no longer clear whether an award of costs under Fed.R.App.P. 39 includes attorney's fees under the Civil Rights Attorneys' Fees Awards Act." *Ekanem*, 778 F.2d at 1256–57, n. 3.

The court did not find, and the parties did not cite, any Seventh Circuit cases after *Ekanem* which resolved whether the Seventh Circuit would change its previous rule and consider section 1988 attorney's fees as part of Rule 39 costs. However, the Sixth Circuit has addressed the issue and decided that despite the Supreme Court's holding in *Marek*, Rule 39 "costs" do not include section 1988 attorney's fees. The Sixth Circuit stated that "the *Marek* Court recognized a critical distinction between interpretation of 'costs' where the relevant statute sets forth its own definition of the term, as opposed to situations where 'costs' are un-

defined. As appellate Rule 39 specifically delineates the 'costs' to which it applies, i.e. 'traditional' costs of printing briefs, appendices, records, etc., the pronouncements of *Marek* render it inappropriate for this court to judicially amend Rule 39's cost provisions to include § 1988 attorney's fees." *Kelley v. Metropolitan County Board of Education*, 773 F.2d 677 (6th Cir.1985).

The court agrees with the Sixth Circuit that although section 1988 defines "costs" as including attorney's fees, that does not mean that section 1988's definition of "costs" should be superimposed on the definition of "costs" in the Federal Rules of Appellate Procedure. The items included in Rule 39's definition of the word "costs" are all "traditional" administrative costs of appeal. As the Seventh Circuit stated in *Davis v. Murphy*, 587 F.2d 362, 364 (7th Cir.1978), "attorney's fees [are not] of the same genre as the items listed [in Fed.R. App.P. 39]." Thus, the court finds that section 1988 fees are not a cost of appeal within the meaning of Rules 7 and 39 of the Federal Rules of Appellate Procedure. The court denies plaintiff's motion for a bond to insure the payment of any section 1988 attorney's fees which may be awarded on appeal.