**Timothy Scott McDONALD Barbara J. McDonald, his wife**

**v.**

**Albert J. McCARTHY, and James McCarthy and Kenneth S. Roberts, Jr., and Herbert L. Waltz, and Elliot B. Grover, and Carol Merrick, and Shirley Zunino, and Robert F. Goddu, and Borough of Kennett Square, and Joanne C. Spencer.**

**Timothy Scott McDonald, Appellant.**

**No. 91–1859.**

United States Court of Appeals, Third Circuit.

Argued March 31, 1992.

Decided May 27, 1992.

Jeffrey L. Pettit (argued), Phillips and Phelan, Philadelphia, Pa., for appellants.

Christine M. Brenner (argued), Mark L. Tunnell, Gawthrop, Greenwood & Halsted, P.C., West Chester, Pa., for appellees.

Before: BECKER, COWEN and ROTH, Circuit Judges.

OPINION OF THE COURT

COWEN, Circuit Judge.

This case involves a plaintiff who prevailed in a civil rights action in the district court and successfully defended the judgment in its original appeal to the court of appeals. The question presented in this appeal is whether this plaintiff is foreclosed from obtaining an award of attorneys' fees under the Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. § 1988, for the successful defense of the district court judgment in the court of appeals, when the court of appeals affirmed the district court judgment with a direction pursuant to Fed. R.App.P. 39(a) that "each party bear its own costs." We hold that such an order by the court of appeals does not act as a bar to an award of attorneys' fees under section 1988. We will reverse the order of the district court regarding the award of attorneys' fees.

I.

On February 2, 1990, a jury rendered a verdict in favor of Timothy Scott McDonald on his claims under 42 U.S.C. § 1983 (1988) for compensatory and punitive damages. The defendants thereafter filed motions for a new trial and judgment notwithstanding the verdict. McDonald moved for additional equitable relief and filed two separate motions for attorneys' fees and costs pursuant to section 1988. The first motion covered attorneys' fees and costs incurred through March 1, 1990. The second motion sought attorneys' fees and costs incurred from March 2, 1990 through June 26, 1990. By order dated September 12, 1990, the district court denied the defendants' motions and McDonald's motion for equitable relief and granted McDonald's motions for attorneys' fees.

The defendants appealed the denial of their motions and McDonald cross-appealed from the order denying his right to additional equitable relief. While the appeal was pending, McDonald sought to commence execution proceedings on the judgment and appellees filed a motion for a stay of execution pending the outcome of

the appeal. The district court refused to grant a stay without the posting of security by defendants and the defendants moved for reconsideration of that order. Eventually, security arrangements were agreed upon and a stay was granted.

On April 17, 1991, this court affirmed the district court's order of September 12, 1990 without opinion. *McDonald v. McCarthy*, 932 F.2d 960 (3d Cir.1991). The judgment order which was entered stated:

> After consideration of all contentions raised by appellants and cross-appellants, it is
>
> ADJUDGED AND ORDERED that the orders of the district court be and are hereby affirmed.
>
> The parties shall bear their own costs on this appeal.

App. at 49–50.

McDonald then moved for an award of attorneys' fees and costs incurred from June 27, 1990 to May 14, 1991, the date on which the motion for fees was filed. McDonald requested a lodestar of $19,676 for 132.4 hours of legal services and $2,005.42 for costs. He also requested a multiplier of five percent consistent with the district court's original award. Defendants opposed the motion on the grounds that this court's order directed each party to "bear its own costs" and therefore recovery of attorneys' fees and costs under section 1988 was barred. Defendants also contended that McDonald's motion was untimely under Fed.R.App.P. 39(d). The defendants did not oppose the motion on the grounds that the fees sought, even if allowable, were unreasonable or excessive.

The district court concluded that the motion was not untimely but determined that the judgment order entered by this court, directing each party to bear its own costs, precluded an award of attorneys' fees and costs under section 1988. The district court reasoned that it could not award section 1988 attorneys' fees to a plaintiff who prevailed on appeal where the court of appeals decided that the prevailing party should bear its own costs on appeal. The district court stated: "[i]t would be an anomaly for appellant to be deprived costs

on appeal by the Court of Appeals but awarded attorney's fees on that same appeal by the trial court." App. at 17. This appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 (1988). Our scope of review of the district court's legal determination as to its authority to award fees and costs under section 1988 is plenary. *See Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 718 (3d Cir.1989).

## II.

At the outset we must address the defendants' contention that McDonald's request for attorneys' fees for the costs of defending the appeal was untimely and should, therefore, have been dismissed by the district court. Defendants argue that section 1988 states that attorneys' fees are "part of the costs," and thus all requests for attorneys' fees must be filed in accord with the fourteen day deadline established in Fed.R.App.P. 39(d).

McDonald's request for attorneys' fees was filed more than fourteen days after this court affirmed the district court's order. However, the motion for additional attorneys' fees was not untimely. Fed. R.App.P. 39(d) requires that an itemized and verified bill of costs be filed with the clerk of the court within fourteen days. When Rule 39 is read in its entirety, it is clear that the time limit set forth in Rule 39(d) only applies to the costs of briefs, appendices and copies of records allowable under Rule 39(c). This is evident from the language of Rule 39(d) which begins with the phrase, "[a] party who desires *such* costs to be taxed shall state them in an itemized and verified bill of costs which the party shall file with the clerk." (emphasis added). The word "such" obviously refers back to Rule 39(c) which immediately precedes it and allows for the cost of briefs, appendices and copies of records.

Rule 39(e) addresses costs on appeal which may be taxed by the district court and allows for "[c]osts incurred in the preparation and transmission of the record, the costs of the reporter's transcript, if neces-

sary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing the notice of appeal...." There is no indication in the rule that these costs are subject to Rule 39(d)'s fourteen-day time limit and we decline to read such a time limit into the rule. The district court correctly concluded that McDonald's application for costs on appeal was timely.

Despite the timeliness of the request for costs, McDonald was not entitled to recover any costs on appeal under Rule 39 by reason of this court's appellate mandate that each party bear its own costs. Under Rule 39(a) this court was free to order the parties to bear their own costs and its mandate was properly followed by the district court.

### III.

██ The thorny issue in this appeal is not the timeliness of McDonald's request but rather what effect this court's order that each party bear its own costs has on the request for attorneys' fees under section 1988. The district court concluded that a determination by this court that McDonald bear his own costs on appeal foreclosed his request for section 1988 attorneys' fees. The question of the relationship between costs under Rule 39 and attorneys' fees under section 1988 is not new to the federal courts but has yet to be addressed by this court.

Rule 39(a) provides:

(a) To Whom Allowed. Except as otherwise provided by law, if an appeal is dismissed, costs shall be taxed against the appellant unless otherwise agreed by the parties or ordered by the court; if a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered; if a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered; if a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the court.

Fed.R.App.P. 39(a). In ordering that each party bear its own "costs" this court was clearly and properly exercising its discretion under Rule 39(a). As to the meaning of "costs" within the context of the rule, one of the advisory committee notes to Rule 39 explains that

Statutory authorization for taxation of costs is found in 28 U.S.C. § 1920 ... A few statutes contain specific provisions in derogation of these general provisions. (See 28 U.S.C. § 1928, which forbids the award of costs to a successful plaintiff in a patent infringement action under the circumstances described by the statute). These statutes are controlling in cases to which they apply.

Fed.R.App.P. 39 advisory committee's 1967 note. Thus ordinarily, "costs" for the purposes of Rule 39 should be defined with reference to 28 U.S.C. § 1920. However, the district court concluded that the "statutes contain[ing] specific provisions in derogation of these general provisions" mentioned in the advisory committee note referred to statutes such as section 1988. Under the district court's interpretation of the committee note, section 1988's language that attorneys' fees may be recovered as "part of costs" is "controlling." Therefore, the district court reasoned that a mandate that a party bear its own costs bars recovery of attorneys' fees because under section 1988 attorneys' fees are "part of costs." This interpretation is incorrect.

When the advisory committee spoke of statutory provisions "in derogation of" the general provisions of section 1920 which are "controlling in the cases to which they apply," it was referring to those statutes that prohibit the award of "costs" which could otherwise be imposed under Rule 39. As an example, the committee cited 28 U.S.C. § 1928, which states that a prevailing party in a patent infringement action may not recover costs absent the filing of a proper disclaimer. Thus section 1928 represents a specific statutory provision forbidding an award of costs and thus is "in derogation of" Rule 39's general provision that a prevailing party may recover costs.

Section 1988, unlike 28 U.S.C. § 1928, does not *forbid* the award of costs and thus cannot be said to be "in derogation of" the

general provision of Rule 39. Therefore, we do not interpret Rule 39 to suggest that an appellate court award of costs is a prerequisite to an award of attorneys' fees under section 1988. Nevertheless, we must still determine whether an award of costs under Rule 39 is completely separate from the recovery of fees under section 1988, or whether the term "costs" in Rule 39 has been modified somehow by the language in section 1988 allowing the award of attorneys' fees as part of costs.

For guidance on this question we look to the Supreme Court's decision in *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), in which the Court held that the word "costs" in Fed.R.Civ.P. 68 includes attorneys' fees awardable under section 1988.[1] The Supreme Court reasoned that "[s]ince Congress expressly included attorney's fees as 'costs' available to a plaintiff in a § 1983 suit, such fees are subject to the cost-shifting provision of Rule 68." *Id.* at 9, 105 S.Ct. at 3016–17. The Court rejected the argument that *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), which held that attorneys' fees could not be recovered as part of "costs" under 28 U.S.C. § 1927,[2] required a different result. It distinguished the result in *Roadway Express* by noting that section 1927, unlike Rule 68, came with its own statutory definition of "costs." 473 U.S. at 9 n. 2, 105 S.Ct. at 3017 n. 2. Since Rule 68 was silent as to the definition of costs, the Court concluded that "the most reasonable inference is that the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." *Id.* at 9, 105 S.Ct. at 3016. Since the "underlying statute" in *Marek* was section 1988, and it "define[d] 'costs' to include attorney's fees," the Court determined that such fees should be included as costs for the pur-

poses of Rule 68. *Id.* As a result, the plaintiffs in *Marek* were required to pay the settlement offeror's costs as well as the offeror's reasonable attorneys' fees.

The *Marek* Court's distinction regarding *Roadway Express* is particularly important in this case because Rule 39, like section 1927 which was at issue in *Roadway Express*, is not silent as to the definition of "costs." Rule 39 defines costs as including normal administrative costs such as those incurred in preparing the record, filing fees, and the cost of the reporter's transcript. Title 28 U.S.C. § 1920, which authorizes Rule 39, provides for the taxation of costs such as witness fees, printing fees, docket fees, interpreters and the like. Significantly, neither section 1920 nor Rule 39 provides for the assessment of attorneys' fees. Accordingly, it would be "inappropriate for this court to judicially-amend Rule 39's cost provisions to include § 1988 attorneys' fees." *Kelley v. Metropolitan County Bd. of Educ.*, 773 F.2d 677, 682 n. 5 (6th Cir.1985) (en banc), *cert. denied*, 474 U.S. 1083, 106 S.Ct. 853, 88 L.Ed.2d 893 (1986). In other words, although under section 1988 attorney's fees may be included as part of costs, "that does not mean that section 1988's definition of 'costs' should be superimposed on the definition of 'costs' in [Rule 39 of] the Federal Rules of Appellate Procedure." *Littlefield v. Mack*, 134 F.R.D. 234, 235 (N.D.Ill.1991).

Seven other courts of appeals have addressed the question of whether Rule 39's reference to "costs" encompasses attorneys' fees where section 1988 or another fee-shifting statute is involved. Six have determined that the issue of attorneys' fees is separate and distinct from the question of "costs" under Rule 39. *See Chemical Mfrs. Ass'n v. United States EPA*, 885 F.2d 1276, 1278 (5th Cir.1989) (court of appeals mandate that each party bear its own costs did not constitute denial of attor-

---

1. Fed.R.Civ.P. 68 provides that if a plaintiff rejects a timely pretrial offer of settlement and the judgment finally obtained by the plaintiff is not more favorable than that offer, the plaintiff must pay the "costs incurred after the making of the offer." The purpose of the rule is to encourage settlement and avoid litigation. Advisory

Committee Note on Rules of Civil Procedure, Report of Proposed Amendments, 5 F.R.D. 433, 483 n. 1 (1946).

2. Title 28 U.S.C. § 1927 (1988) allows a court to impose "costs" as a penalty for vexatiously multiplying litigation.

neys' fees under the Clean Water Act); *Lattimore v. Oman Constr.*, 868 F.2d 437, 440 n. 6 (11th Cir.1989) (dismissing argument that appellate court's order that each party bear its own costs precludes recovery of attorneys' fees under 42 U.S.C. § 2000e–5(k)); *Kelley v. Metropolitan County Bd. of Educ.*, 773 F.2d at 681 (appellate court's discretionary decision to award or deny costs under Rule 39 does not affect appellee's ability to recover attorneys' fees under section 1988); *Robinson v. Kimbrough*, 652 F.2d 458, 463 (5th Cir.1981) (order that costs be taxed against plaintiffs did not preclude award of attorneys' fees under Awards Act); *Terket v. Lund*, 623 F.2d 29, 33 (7th Cir.1980) (although attorneys' fees may be awarded "as part of costs" under section 1988, award of Rule 39 costs does not include attorneys' fees) [3]; *Northern Plains Resource Council v. United States EPA*, 670 F.2d 847, 848 (9th Cir.1982) (attorneys' fees recoverable under the Clean Air Act are not the same as "costs" under Rule 39), *vacated on other grounds*, 464 U.S. 806, 104 S.Ct. 54, 78 L.Ed.2d 73 (1983); *Farmington Dowel Products Co. v. Forster Mfg. Co.*, 421 F.2d 61, 91 (1st Cir.1970) (order that "no costs" be awarded on cross appeals does not preclude motion by plaintiff for attorney's fees under the Clayton Act). In that the specific question on this appeal is the relationship between Rule 39 and section 1988, we turn our attention to the cases which have addressed that particular issue.

In *Kelley*, the Sixth Circuit, sitting en banc, held that "an award of costs pursuant to Fed.R.App.P. 39(a) is separate and distinct from and totally unrelated to an award of attorney's fees pursuant to the directions of § 1988." 773 F.2d at 681.

The court noted that while section 1988 does state that attorneys' fees *may* be awarded as part of costs, "neither the legislative history nor the express language of § 1988 mandates the conclusion" that a party who was not awarded Rule 39 costs is barred from recovering section 1988 attorneys' fees. *Id.* at 681. Instead, the court determined that the relevant inquiry was whether the party seeking attorneys' fees had substantially prevailed at the appellate level. If so, the lack of award of Rule 39 costs would not prevent recovery of section 1988 fees. *Id.* at 682 & n. 5.[4] The court also considered the Supreme Court's decision in *Marek* and concluded that *Marek's* decision regarding Fed. R.Civ.P. 68 costs differed from Rule 39 costs in that Rule 39 came with its own definition of costs whereas Rule 68 did not. 773 F.2d at 682 n. 5.

In a similar vein, the Court of Appeals for the Fifth Circuit held in *Robinson v. Kimbrough* that an order that costs be taxed against the plaintiffs did not evince a determination that plaintiffs were not entitled to attorneys' fees under the Awards Act. 652 F.2d at 463. In determining that an order to pay costs "cannot be construed as a judicial directive pertaining to attorneys' fees under the Awards Act," the court noted that Rule 39 "refers *only* to the usual costs of appeal," not to attorneys' fees. *Id.* (emphasis added).

Finally, in *Terket*, the Court of Appeals for the Seventh Circuit concluded that although section 1988 states that attorneys' fees may be awarded as part of costs, "the award of attorneys' fees under § 1988 is a decision distinct from the decision on the merits and from the normal taxing of costs." 623 F.2d at 33.[5] Based on that

---

**3.** Most recently, in *Ekanem v. Health & Hosp. Corp. of Marion County*, 778 F.2d 1254 (7th Cir.1985), the Seventh Circuit noted that following the Supreme Court's decision in *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), "it is no longer clear whether an award of costs under Fed.R.App.P. 39 includes attorneys fees under the Civil Rights Attorneys' Fees Awards Act." *Id.* at 1257 n. 3.

**4.** In reaching its conclusion, the *en banc* court overruled a previous decision of the court, *Buian v. Baughard*, 687 F.2d 859 (6th Cir.1982).

**5.** Following the Supreme Court's decision in *Marek*, the Seventh Circuit posed the possibility that *Terket* was no longer good law. *See Ekanem*, 778 F.2d at 1256 n. 3. However, the *Ekanem* court declined to reevaluate *Terket* inasmuch as it was unnecessary in resolving the case before it. In *Littlefield v. Mack*, 134 F.R.D. 234 (N.D.Ill.1991), the court noted that *Ekanem* had left the question of *Terket's* continued validity open but concluded that the Sixth Circuit's resolution of this issue in *Kelley* was correct and followed it.

determination, the court concluded that when an award of attorneys' fees is made after entry of a judgment on the merits, a separate notice of appeal must be filed specifying an appeal from the order awarding section 1988 attorneys' fees.

Only the Court of Appeals for the District of Columbia Circuit has intimated that fee requests under section 1988 should not be resolved separately from determinations regarding costs under Rule 39. *See Montgomery & Associates, Inc. v. Commodity Futures Trading Comm'n*, 816 F.2d 783 (D.C.Cir.1987). In *Montgomery*, a prevailing appellee filed a request for attorneys' fees under the Commodity Exchange Act, 7 U.S.C. § 18(e) (1988), well after the fourteen-day limit established by Rule 39(d) for the filing of requests for "costs." The court denied the motion for fees as untimely, holding that since section 18(e) "specifically and expressly requires every attorney's fee 'to be taxed and collected as a part of [appellee's] costs,' the conclusion seems unavoidable that all fee requests must be filed in accord with the established deadline for costs." *Id.* at 784.

In reaching its conclusion, the D.C. Circuit stated that nothing in the language of Rule 39 defined which items were included in "costs" under the rule nor was any exception "suggested for attorneys' fees deemed to be costs by statute." *Id.* We cannot accept this reasoning. Contrary to the court's observation in *Montgomery*, not only does Rule 39 enumerate specific items which may be considered as "costs" but section 1920, which authorizes Rule 39, does so as well. In addition, we note that the language of section 1988 is permissive—"attorneys' fees *may* be awarded as part of costs"—and therefore should not be read to foreclose an award of fees when other costs are not awarded. We decline to follow the contrary reasoning of *Montgomery*.

Having given due consideration to these decisions from other courts of appeals, we conclude that an order from this court pursuant to Rule 39 that each party bear its own costs does not foreclose the "prevailing party" from recovering attorneys' fees

under section 1988. To hold otherwise would unjustifiably superimpose the language of section 1988, that fees may be awarded as part of costs, on Rule 39 which defines costs as only traditional administrative-type costs, thereby converting the permissive language of section 1988 into a mandatory provision requiring an award of costs in order to recover fees. As there is absolutely no evidence that this was Congress's intention nor would such a holding be reasonable, we decline to so hold. Section 1988 attorneys' fees are not a cost of appeal within the meaning of Rule 39. We will reverse the order of the district court denying plaintiff's attorneys' fees in the successful defense in the court of appeals of the judgment obtained in the district court.

### IV.

■ The final paragraph of the district court's opinion may be read to imply that even if it had the authority to award section 1988 attorneys' fees, it would decline to do so in this case. McDonald contends that because the defendants failed to specifically challenge the amount of the fees requested, the district court could not question the reasonableness of the award. We agree.

In *Cunningham v. City of McKeesport*, 753 F.2d 262, 267 (3d Cir.1985), *vacated on other grounds*, 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986), *and reinstated*, 807 F.2d 49 (3d Cir.1986), *cert. denied*, 481 U.S. 1049, 107 S.Ct. 2179, 95 L.Ed.2d 836 (1987), this court stated:

> in statutory fee cases ... when an opposing party has been afforded the opportunity to raise a material fact issue as to the accuracy of representations as to hours spent, or the necessity for their expenditure, and declines to do so, no reason occurs to us for permitting the trial court to disregard uncontested affidavits filed by a fee applicant.

*See also Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 719–20 (3d Cir. 1989). In *Cunningham*, a civil rights plaintiff sought section 1988 attorneys' fees and in support of his petition sub-

mitted affidavits to the district court detailing the amount of time expended and the work performed. The defendant opposed the motion for the award of counsel fees on two separate legal grounds but did not challenge the accuracy of the fees requested. The district court, sua sponte, disallowed a considerable number of billable hours set forth in the plaintiff's affidavits. On appeal, we relied on the defendant's failure to challenge the accuracy of the award sought by the plaintiff and held that the court erred in reducing the lodestar amount. 753 F.2d at 267. We also relied on the fact that statutory fee litigation is adversarial litigation and as such there is no need for a district court to reduce a fee award on its own initiative. *Id.*

We did note that some aspects of fee applications involve matters within the personal knowledge of the trial court. *Id.* Such matters may include the amount of time spent at pretrial and status conferences, as well as hours incurred at the actual trial. Thus a district court could disallow lodestar time for hours the court personally knew had not been expended on the case. However, even when a court disallows lodestar time in these limited circumstances, it must make an explicit finding that the disallowed hours were not in fact expended on the case. *Id.*

The case presently before us is obviously governed by the principles set out in *Cunningham.* Here, the defendants, like the defendants in *Cunningham,* raised a legal challenge to the petition for section 1988 counsel fees. However, the defendants failed to object to the reasonableness or accuracy of the award sought although they clearly had the opportunity to do so. We hold that where a party fails to challenge the accuracy of representations set forth in a fee petition, the "current submissions provide the necessary record basis for the district court's fee determination." *Brinker v. Guiffrida,* 798 F.2d 661, 668 (3d Cir.1986). Therefore, despite the district court's suggestion to the contrary, it would not be free, on remand, to disregard the uncontested affidavits filed by the plaintiff. *See Cunningham,* 753 F.2d at 267.

### V.

In sum, we conclude that the district court erred in holding that an award of attorneys' fees under section 1988 was precluded by our order, pursuant to Rule 39(a), that each party bear its own costs on appeal. In addition, we hold that the defendants, who had an opportunity to contest the accuracy and reasonableness of the fees requested but failed to do so, have waived their right to make such objections and that the district court may not, *sua sponte,* reduce the award requested unless such order is based on the court's personal knowledge as to the time expended on the case.

The order of the district court will be reversed and the case remanded for proceedings consistent with this opinion.