**In re James E. PAUL.**

Civ. A. No. 92–1254.
Bankruptcy No. 91–14420S.

United States District Court,
E.D. Pennsylvania.

June 5, 1992.

Ronald H. Beifeld, Fox and Fox, Norristown, Pa., for debtor.

Frederick Baker, Mitchell W. Miller, Chapter 7 trustee, Philadelphia, Pa.

## MEMORANDUM

BARTLE, District Judge.

The law firm of Fox and Fox, counsel for the debtor in this Chapter 7 bankruptcy case, appeals from the January 17, 1992 Order of the United States Bankruptcy Court, disallowing and modifying its request for approval of counsel fees totaling $880 for representing the debtor in a Chapter 7 Bankruptcy. The appeal is unopposed. For the reasons set forth below, the appeal shall be sustained and the Bankruptcy Court's Order vacated.

The debtor, James E. Paul, filed a Voluntary Chapter 7 Petition in Bankruptcy on August 9, 1991 listing 15 unsecured creditors and no assets in excess of the allowable exemptions under 11 U.S.C. § 522(d)(3). Thereafter, the United States Bankruptcy Court appointed an Interim Trustee, Mitchell W. Miller, Esquire who, under § 341 of the U.S. Bankruptcy Code, scheduled a meeting of creditors. No creditors appeared at this meeting, and the Interim Trustee recommended discharge of the debts listed on the appropriate schedules. The debtor's attorney filed an Application for Approval of Legal Fees seeking approval of fees totalling $880 and reimbursement of costs of $120. The fees amounted to approximately 9⅛ hours of work at a rate of $115 per hour. The debtor's attorney gave proper notice to all creditors as well as to the Interim Trustee. No objections to the fee application were filed.

On January 17, 1992, without holding a hearing or giving an opportunity to the debtor's counsel to present any evidence or argument, the Bankruptcy Court reduced the counsel fee from $880 to $750. The Court made no findings of fact. Instead, it entered an Order, which stated in pertinent part:

> "This appears to be straightforward no-asset case and hence the amount sought appears to be above the 'market rate.' See *In re: Patronek,* 121 B.R. 728, (Bankr.E.D.Pa.1990). Counsel shall refund any sums in excess of that allowed and shall provide evidence to the Court in chambers of any refund on or before February 10, 1992."

A timely appeal to this Court followed. The questions presented by debtor's counsel are (1) whether the Bankruptcy Court has the authority to reduce a counsel fee application under § 330(a) of the U.S. Bankruptcy Code, where no creditor, trustee or other party opposes the fee award and no hearing is held by the Bankruptcy Court and (2) whether the Bankruptcy Court used the proper test in determining whether compensation was reasonable.

■ Section 330(a) of the U.S. Bankruptcy Code, 11 U.S.C. § 330(a) provides, in pertinent part:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to ... the debtor's attorney ...

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be ...

(2) reimbursement for actual, necessary expenses.

Section 330 of the Bankruptcy Code provides for the award of "reasonable compensation" for a debtor's attorney after "a hearing." Creditors, as well as the United States trustee in charge of overseeing the administration of the case, may, of course, oppose a fee application submitted by a debtor's attorney. In such a case, the Bankruptcy Court should hold a hearing, as required by § 330, and only then decide the issue at hand.

■ Proceedings in the Bankruptcy Court are often non-adversarial, in contrast to most civil litigation in the District Court. Where no one files an objection to a fee application, the Bankruptcy Court has the duty to review the request to determine whether the attorney is seeking "reasonable compensation." If the Court below has concerns about the amount sought or the hours or nature of work performed, it must hold a hearing, as required under § 330 of the Bankruptcy Code, in order to afford the attorney an opportunity to present his or her position and respond to the Court's questions about the application. The Bankruptcy Court, however, may not reduce the amount sought without a hearing. In failing to hold a hearing and make appropriate findings, the Bankruptcy Court erred.

In *Cunningham v. City of McKeesport*, 753 F.2d 262 (3d Cir.1985), a civil rights case involving the calculation of attorney's fees pursuant to 42 U.S.C. § 1988 (1982), the Court of Appeals for the Third Circuit concluded that a district court may not reduce the number of hours claimed by an attorney if the adverse party has declined to "raise a material fact or issue as to the accuracy of representation as to hours spent, or the necessity for their expenditure." *Id.* at 267. The Court noted that a *sua sponte* reduction in fees deprived the applicant of his entitlement "to offer evidence in support of the reasonableness of his request." *Id.* The Court further concluded that the adversarial nature of litigation makes a *sua sponte* reduction of fees unnecessary.

In *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713 (3d Cir.1989), the Court of Appeals for the Third Circuit concluded that "the principle announced in Cunningham should extend beyond civil rights cases and apply equally to ERISA cases." *Id.* at 719.

Recently, in *McDonald v. McCarthy*, another civil rights case, that Court reaffirmed *Cunningham, supra.* It held that defendants who had an opportunity to contest the accuracy and reasonableness of the fees requested but failed to do so, have waived their right to make such objections and that the district court may not *sua sponte* reduce the award requested unless such order is based on the Court's personal knowledge as to the time expended on the case. *McDonald v. McCarthy*, 966 F.2d 112 (E.D.Pa., 3rd Cir.1992).

This Court, on at least three occasions, has cited the decisions in *Cunningham* or *Bell* in reversing the Bankruptcy Court for reducing *sua sponte* a request for attorney's fees without a hearing. *In re: Jensen's Interiors, Inc.*, 132 Bankr. 105 (E.D.Pa.1991); *In re: Pendleton*, C.A. No. 90–1091, slip op., 1990 WL 29645 (E.D.Pa., March 15, 1990); *Fleet v. United States Consumer Council*, C.A. No. 89–7527, slip op., 1990 WL 18926 (E.D.Pa., Feb. 23, 1990). Yet, the Bankruptcy Court has again ignored these compelling precedents, and again it has committed error.

■ Section 330 of the Bankruptcy Code also provides for the Bankruptcy Court to award a debtor's counsel "reasonable compensation." The Court below erred not

only in failing to hold a hearing but in using a "market rate" test, as if there is one such rate applicable to all attorneys. As the Court of Appeals noted in *Cunningham*, "Attorneys are not fungible. Some, shortly out of law school, may command in the marketplace charges for their time that others do not command after a lifetime of pedestrian practice." *Cunningham*, 753 F.2d at 268.

 In this Circuit the required procedure in awarding attorney's fees was established in *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 166 (3d Cir.1973) ("*Lindy I*") and *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 114 (3d Cir.1976) ("*Lindy II*"). The *Lindy I* and *Lindy II* analysis requires the court to establish lodestars for attorney's fees by multiplying a reasonable hourly rate by the number of hours reasonably and necessarily spent performing the services. A major factor in this determination is the quality of the attorney's work in a particular case. *Lindy II*, 540 F.2d at 114; *Baughman v. Wilson Freight Forwarding Co.*, 583 F.2d 1208, 1216–17 (3d Cir.1978).

The Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983), a civil rights case, likewise declared that the lodestar method of fee calculation is the method by which federal courts should determine reasonable attorney's fees, under federal statutes which provide for such fees.

In *Cunningham*, the Court of Appeals emphasized that the cornerstone of any analysis on the reasonable value of an attorney's time is his or her normal billing rate for legal services. *Cunningham*, 753 F.2d at 267. In the instant case, the Bankruptcy Court failed to hold a hearing to determine this critical fact.[1]

 The Bankruptcy Court does not contest the number of hours submitted by appellant, only the attorney's hourly rate. The rate of $115 per hour is clearly not unreasonable here, and the Court erred in holding otherwise.

 In summary, if there is no objection to the fee application, the Bankruptcy Court may approve the request unless it questions the reasonableness of the request under § 330 of the U.S. Bankruptcy Code. If there is no objection but the Court has doubts about the fee application, it must hold a hearing, give the attorney an opportunity to be heard, and make findings to support any decision to reduce a fee. Moreover, we cannot emphasize too strongly that the Bankruptcy Court must adhere to the statutory standard of "reasonable compensation" and not use a "market rate" test as it did here.

The appeal is sustained. The Bankruptcy Court is directed to award appellant a fee of $880.

### ORDER

AND NOW, this 5th day of June, 1992, after consideration of the appeal of Fox and Fox, it is hereby ORDERED that the appeal is SUSTAINED.

It is further ORDERED that the Order appealed from, dated January 17, 1992, is VACATED.

It is further ORDERED that this matter is REMANDED to the Bankruptcy Court, with directions to award appellants Fox and Fox the full amount claimed, namely, $880 in fees and reimbursement of its expenses in the amount of $120.

---

1. In this Order reducing the fee, the Bankruptcy Judge cited his own opinion in *In re: Patronek*, 121 B.R. 728 (Bankr.E.D.Pa.1990). That case erroneously relied on a market rate standard instead of properly following the "reasonableness" standard set out by § 330 of the U.S. Bankruptcy Code, and *Cunningham, supra.*