Janet A. BEAULIEU,
Plaintiff, Appellant,

v.

UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant, Appellee.

No. 88-1675.

United States Court of Appeals, First Circuit.

Heard Jan. 9, 1989.

Decided Jan. 25, 1989.

Marc J. Shepcaro, Boston, Mass., for plaintiff, appellant.

Andrew S. Hogeland, Asst. U.S. Atty., with whom Frank L. McNamara, Jr., U.S. Atty., Boston, Mass., was on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, ALDRICH and COFFIN, Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

In January 1978 plaintiff, Janet Beaulieu, a seasonal employee of the Internal Revenue Service, was indefinitely suspended because she had been indicted in the New Hampshire state court in connection with controlled substances. The suspension was lifted in February 1980, when the indictment was dismissed. In October 1980 she resigned from the Service, and since then has been engaged in suing it. The present, third, action, was filed in June 1987. This complaint she later amended to contain present Count Two, asserting that the IRS had made disclosures concerning her in violation of the Privacy Act, 5 U.S.C. § 552a. Defendant moved to dismiss, and all counts were dismissed. Plaintiff appeals with respect to Count Two. We affirm.

The only substantive allegations in Count Two are in paragraph 19.

The Plaintiff alleges that, on various occasions from 1978 to date, the Defendant United States of America Internal Revenue Service willfully disclosed various material records and other information concerning the Plaintiff in violation of said 5 U.S.C. Section 552(a) [sic], various of which disclosures the said Defendant knew to be false. The said unlawful disclosures, in violation of 5 U.S.C. Section 552(a) [sic], were first discovered by the Plaintiff during mid-1986.

The court, in dismissing that count, stated,

The statute provides:

No agency shall disclose any record *which is contained in a system of records* by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains....

5 U.S.C. § 552a(b) (1982).

(Emphasis supplied by us). Continuing, the court said,

Defendants argue that plaintiff has failed to allege that the IRS disclosed records that were the type of records kept within the meaning of the Act. The Act specifically defines "record" to be "any item, collection, or grouping of in-

formation about an individual that is maintained by an agency" and "system of records" to be "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a) (1982).

Plaintiff has not alleged that the information disclosed falls within the definitions of the Privacy Act.

The court went on to note that plaintiff had been required by a magistrate's order to supply "the details of the alleged violations of the Privacy Act," and remarked that plaintiff's response was substantially deficient. For all one can tell from the affidavit that plaintiff provided at the magistrate's request, the alleged violations concerned office gossip, rather than records protected by the Privacy Act. But, more important, and to us determinative, is the fact that plaintiff has still not alleged that any of the information disclosed came from a "system of records," the all-out, basic requirement of the Act. *See Fagot v. Federal Deposit Ins. Corp.*, 584 F.Supp. 1168, 1174 (D.P.R.1984) (citing cases).

On this appeal plaintiff says that her case fell on a technicality, her failure to include in the complaint "eight conclusory buzzwords." However, the so-called buzzwords are the whole substance of the statute, as previously emphasized. Plaintiff says that this was not a significant omission because "notice pleadings" are enough, citing *Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), and that notice was given by the allegation that the disclosures were "in violation of" the Act.

A mere reference to a statute is not enough; this is to reduce the concept of notice pleading to the point of no return. F.R.Civ.P. 8(a)(2) provides,

(a) *Claims for Relief.* A pleading which sets forth a claim for relief ... shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to the relief....

Simply to state that a claim is made under a named statute is not a short and plain statement of what the claim is. *See Crest Auto Supplies, Inc. v. Ero Mfg. Co.*, 360 F.2d 896, 901–02 (7th Cir.1966) (complaint's allegation of a violation of § 2 of Clayton Act insufficient to state a claim); *cf. Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir.1979) (to state a claim, complaint must do more than allege a violation of civil rights statute). Even less is it a showing of entitlement to relief. Nothing in *Conley* supports plaintiff, nor do the Notes to Rule 8, to which plaintiff refers us, generally.

Plaintiff's contention that her pleading "should be construed liberally" is equally meaningless—there was nothing to construe. So is it meaningless for plaintiff to complain that the court should have allowed her to amend. Whether it might have been error for the court to have denied leave to amend is not before us; plaintiff never requested it. Very possibly, after six years of fruitless litigation, the court might have denied the motion, but it is black letter law that it is a party's first obligation to seek any relief that might fairly have been thought available in the district court before seeking it on appeal. *See Fisher v. Flynn*, 598 F.2d, *ante*, at 666. Plaintiff is confined to her complaint, which is fatally deficient.

AFFIRMED.