April 11, 1995
[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 94-1480

DENNIS SIROIS,

Plaintiff, Appellant,

v.

MAINE STATE PRISON, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Morton A. Brody, U.S. District Judge]

Before

Cyr, Boudin and Stahl,
Circuit Judges.

Dennis Sirois on brief pro se.



Per Curiam. Dennis Sirois appeals the dismissal

pursuant to 28 U.S.C. 1915(d) of his pro se complaint

alleging constitutionally deficient medical treatment. His

suit under 42 U.S.C. 1983 -- against the prison entity, its

warden and deputy warden, a medical administrator, a John Doe

nurse, and the entire medical staff at the prison -- alleged

various instances of failure to provide medical treatment.

Specifically, Sirois claimed that the defendants refused to

treat an abscess that resulted from an injection of

medication administered on March 2, 1994. The complaint

sought declaratory and injunctive relief, as well as monetary

damages. The magistrate-judge recommended that the complaint

be dismissed as frivolous. Sirois objected, but the district

court adopted the recommended decision and dismissed the

complaint.

Although the district court may have erred in

dismissing the complaint as frivolous under 1915(d) since

Sirois' claims are at least arguable, see Neitzke v.

Williams, 490 U.S. 319, 327-28 (1989), we nonetheless affirm

on the basis that the error was harmless. See J.E. Riley

Inv. Co. v. Commissioner, 311 U.S. 55, 59 (1940); Doe v.

Anrig, 728 F.2d 30, 32 (1st Cir. 1984).

To state a cognizable Eighth Amendment claim based

on medical mistreatment, "a prisoner must allege acts or

omissions sufficiently harmful to evidence deliberate

indifference to serious medical needs." Estelle v. Gamble,

429 U.S. 97, 106 (1976). Our review of the record satisfies

us that Sirois has not alleged medical needs of sufficient

seriousness to warrant Eighth Amendment scrutiny. Hudson v.

McMillian, 112 S. Ct. 995, 1000 (1992). The condition

suffered as a result of the injection appears to have been

relatively minor. There are no allegations of fever, and

Sirois was vague about the severity and duration of pain, as

well as the number of treatment requests made. It is

acknowledged that the condition was treated after the filing

of this complaint, seemingly to Sirois' satisfaction. Even

treating his objections to the magistrate's recommended

decision as amendments, we are persuaded that the complaint

failed to state a cognizable Eighth Amendment claim.

Affirmed. Affirmed.

-3-

UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

No. 94-2172

CMM CABLE REP., INC.,

d/b/a CREATIVE MEDIA MANAGEMENT, INC.,

Plaintiff, Appellant,

v.

OCEAN COAST PROPERTIES, INC.,

d/b/a WPOR-FM, ET AL.,

Defendants, Appellees.

-4-

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Selya, Circuit Judge,

Bownes, Senior Circuit Judge,

and Stahl, Circuit Judge.

Anne S. Mason, with whom Mason & Assocs., P.

A., John H. Rich III, William Sheils, and Perkins, Thompson,

Hinckley & Keddy were on brief, for appellant.

James G. Goggin, with whom Roy S. McCandless

and Verrill & Dana were on brief, for appellees.

-5-

March 6, 1995

-6-

SELYA, Circuit Judge. CMM Cable Rep., Inc. (CMM), SELYA, Circuit Judge.

plaintiff below, appeals from the district court's denial of

preliminary injunctive relief associated with claims of

copyright infringement, trademark infringement, and unfair

competition.1 We dismiss the appeal as moot.

I I

Because this case turns principally on its present

procedural posture, we do no more than skim the facts.

CMM does business under the name and style of

"Creative Media Management." It devises promotional

strategies to assist radio stations in acquiring and

retaining listeners. CMM claims to have created a

promotional contest called "PAYROLL PAYOFF ." In due season,

it trademarked the name and copyrighted various materials

designed for use in executing promotional campaigns that

featured the contest. The mechanics of PAYROLL PAYOFF are

not relevant to the mootness issue, and rehearsing them would

serve no useful purpose.2



1. In point of fact, the district court did not deny CMM's
motion for preliminary injunction outright, but granted a
small measure of relief. On appeal, CMM complains that the
court gave it considerably less than its due, drawing the
injunction in much too crabbed a fashion.

2. We refer readers who thirst for greater knowledge to a
more detailed account of the PAYROLL PAYOFF concept
contained in CMM Cable Rep., Inc. v. Keymarket
Communications, Inc., 870 F. Supp. 631, 633-34 (M.D. Pa.
1994).

-7- 7

CMM unsuccessfully pitched the PAYROLL PAYOFF

promotion to radio station WMGX, its regular client in the

Portland, Maine, market. Subsequently, a competing station,

WPOR,3 tried to acquire the right to run the contest. CMM

refused to deal out of loyalty to WMGX. WPOR then took

matters into its own hands and "created" (or so it says) a

contest-type promotion, reminiscent in some respects of

PAYROLL PAYOFF , called "PAYDAY." WPOR began broadcasting

its PAYDAY contest in the fall of 1994.

II II

Unconsoled by the bromide that imitation is the

sincerest form of flattery, CMM brought suit in the federal

district court charging, among other things, copyright

infringement, trademark infringement, and unfair competition.

CMM's complaint prayed, inter alia, for damages, equitable

remedies, and attorneys' fees. In addition, CMM moved for

both temporary and preliminary injunctive relief to halt

WPOR's use of the PAYDAY contest pendente lite.

The district court refused to issue a temporary

restraining order. Instead, it held an evidentiary hearing

and, on November 4, 1994, granted a limited preliminary



3. Defendant Ocean Coast Properties, Inc. operates WPOR
(sometimes referred to by plaintiff as WPOR-FM). Defendants
Robert Gold, Phillip Corper, and William Therriault are all
interested in the station's operation. For simplicity's
sake, we refer to the defendants, collectively, as "WPOR" or
"appellees."

-8- 8

injunction prohibiting further production and distribution of

the brochures that WPOR had prepared to help promote its

PAYDAY scheme.4 The court refused to enjoin WPOR from

proceeding with the contest proper, however, ruling that CMM

had shown scant prospects of success on its principal claims.

This appeal ensued.

While the appellate process was underway, WPOR

moved to dismiss the appeal on grounds of mootness. In

support, it averred that the PAYDAY contest had run its

course, and was no longer being broadcast. CMM objected to

the proposed dismissal. Though admitting that the contest

was off the air, CMM asserted that its appeal could not

fairly be characterized as moot. On February 9, 1995, we

heard arguments spanning both the question of mootness and

the merits of the appeal.

III III

A federal appellate court may only exercise

jurisdiction over actual "cases" or "controversies." U.S.

Const. art. III, 2, cl. 1. The instant appeal provides

this court with no live controversy to resolve, and, thus, we

lack appellate jurisdiction. We explain briefly.

This is an interlocutory appeal. It is brought

strictly and solely to test whether the district court abused



4. The court determined that CMM would probably succeed in
showing that the brochures infringed existing copyrights.

-9- 9

its discretion in withholding certain provisional relief.

The relief sought is in the nature of a preliminary

injunction. The purpose of a preliminary injunction is to

preserve the status quo, freezing an existing situation so as

to permit the trial court, upon full adjudication of the

case's merits, more effectively to remedy discerned wrongs.

See Chalk v. United States Dist. Court, 840 F.2d 701, 704

(9th Cir. 1988); American Hosp. Ass'n v. Harris, 625 F.2d

1328, 1330 (7th Cir. 1980). The court's interim injunctive

decree attempts to prevent further injury by maintaining the

status quo, cf. Narragansett Indian Tribe v. Guilbert, 934

F.2d 4, 5 (1st Cir. 1991) (listing the "potential for

irreparable injury" as a standard prerequisite for the

granting of a preliminary injunction), thus enhancing the

court's ability, if it ultimately finds for the movant, to

minimize the harmful effects of the defendant's wrongful

conduct.

The appealability of orders "granting, continuing,

modifying, refusing or dissolving" preliminary injunctions,

28 U.S.C. 1292(a)(1), fits hand-in-glove with this purpose.

Indeed, the impetus behind the statutory exception to the

"final judgment" rule that allows an immediate appeal of an

order refusing a preliminary injunction is to prevent

irreparable harm to a litigant who, otherwise, might triumph

at trial but be left holding an empty bag. See United States

-10- 10

v. Cities Serv. Co., 410 F.2d 662, 664 (1st Cir. 1969).

Pyrrhic victories, after all, are often cold gruel in the

eyes of prevailing parties and do little to burnish the

public's perception of the judicial system. We think it

follows that, when this harm-preventing function cannot be

effectuated by the successful prosecution of an interlocutory

appeal from the denial of interim injunctive relief, then the

viability of the appeal itself is called into question. See,

e.g., Bank of N.Y. Co. v. Northeast Bancorp, Inc., 9 F.3d

1065, 1067 (2d Cir. 1993).

Such a configuration exists here. Because WPOR has

finished airing its PAYDAY contest, this appeal seeks to

enjoin an event that has already fully occurred. No mandate

that we might issue can turn back the pages of the calendar

and either stop the commission of the allegedly infringing

act or fully palliate its effects. Though federal courts

possess great authority, they lack the power, once a bell has

been rung, to unring it. In short, no justiciable

controversy exists because this appeal can no longer serve

the intended harm-preventing function, or, put another way,

this court, within the isthmian confines of an interlocutory

appeal from an order refusing to restrain a now completed

act, has no effective relief to offer.

Our analysis finds ample support in the case law.

It has been common ground throughout the last century that an

-11- 11

appeal, although live when taken, may be rendered moot by

subsequent developments. See Mills v. Green, 159 U.S. 651,

653 (1895). More specifically, "an appeal from the denial of

a motion for a preliminary injunction is rendered moot when

the act sought to be enjoined has occurred." McLane v.

Mercedes-Benz of North Am., Inc., 3 F.3d 522, 524 (1st Cir.

1993); accord Bank of N.Y., 9 F.3d at 1067; Oakville Dev.

Corp. v. FDIC, 986 F.2d 611, 613 (1st Cir. 1993). Based on

these precedents, it appears that CMM's appeal is moot. See

Bank of N.Y., 9 F.3d at 1067 (explaining that an appeal from

the denial of a motion for preliminary injunction is moot if

the appellate court can no longer preserve, or feasibly

restore, the status quo); Oakville, 986 F.2d at 613 (holding

that a case is moot upon the inability of a court to provide

effective relief in respect to the claim before it).

We emphasize that appellant's suit remains pending

in the district court. Unlike this appeal, the suit itself

is not moot because the relief requested is attainable; if

appellant ultimately prevails, the district court can award

money damages, attorneys' fees, and other effective relief.

A suit that seeks damages for harm caused by past practices

is not rendered moot by the cessation of the challenged

conduct. See Curtis Indus., Inc. v. Livingston, 30 F.3d 96,

97-98 (8th Cir. 1994) (explaining that a judgment declaring

-12- 12

an appeal of a ruling anent a preliminary injunction moot

does not preclude the district court from proceeding to hear

and determine a claim for damages arising out of the same

conduct); Trane Co. v. O'Connor Sec., 718 F.2d 26, 27 (2d

Cir. 1983) (dismissing appeal from denial of preliminary

injunction as moot "[e]ven though issues may remain for a

trial on the merits").

IV IV

Appellant explores two avenues in its effort to

detour around the barrier of nonjusticiability. Both are

blind alleys.

First, appellant asseverates that the harm it has

experienced may simply be in a state of temporary remission.

It posits that WPOR, having run the allegedly infringing

contest once, may do so again, and, if it chooses its time

frame skillfully, may continue to dodge appellate review.

The asseveration cannot withstand scrutiny.

To be sure, the likely recurrence or repetition of

the wrong sought to be enjoined, when coupled with a

demonstrated tendency to elude review, forms the basis for a

recognized exception to the application of the mootness rule.

See Oakville, 986 F.2d at 615; see also Southern Pac.

Terminal Co. v. ICC, 219 U.S. 498, 515 (1911) (holding that a

case is not moot if the alleged wrong is "capable of

repetition, yet evading review"). But, here, appellant's

-13- 13

attempt to invoke this exception lacks at least one necessary

ingredient.5 It is not enough that a consummated event

could, theoretically, happen again. Rather, for an event to

be "capable of repetition" in the requisite sense, there must

be a reasonable expectation of reoccurrence. See United

States v. Peters, 754 F.2d 753, 758 (7th Cir. 1985); Trane,

718 F.2d at 27.

This is not such a case. When questioned at oral

argument, appellees' counsel stated flatly that WPOR would

refrain from revivifying its contest until after the main

case which, as we have said, is awaiting trial in the

district court, see supra p.7 has been concluded. We

consider an express representation by an officer of the court

to be a solemn undertaking, binding on the client, cf., e.g.,

United States v. Coady, 809 F.2d 119, 121 (1st Cir. 1987)

(refusing to countenance a defendant's attempt to retreat

from his attorney's express representation), and we expect

that it will be honored. Given the stand-still

representation, the potential for reoccurrence or repetition

of the allegedly wrongful acts is far too exiguous to support

continued appellate jurisdiction.

Appellant's second attempted detour need not detain

us. CMM contends that the possibility of effective relief



5. We take no view of whether appellant's claim satisfies
the "evading review" prong of the exception.

-14- 14

exists notwithstanding the end of WPOR's promotion. It

anchors this contention on the idea that the district court

could still enjoin WPOR pendente lite from reaping the

benefits of the increased listener database that it

presumably acquired through its exploitation of the PAYDAY

contest. There are several problems with this argument. We

need not go beyond its two most noticeable flaws. In the

first place, CMM never requested this specific relief during

the preliminary injunction proceedings in the district court.

Consequently, its argument founders. A party who neglects

to ask the trial court for relief that it might reasonably

have thought would be available is not entitled to importune

the court of appeals to grant that relief. See Dartmouth

Review v. Dartmouth Coll., 889 F.2d 13, 22 (1st Cir. 1989);

Beaulieu v. United States IRS, 865 F.2d 1351, 1352 (1st Cir.

1989); see generally Clauson v. Smith, 823 F.2d 660, 666 (1st

Cir. 1987) (holding that theories not developed in the

district court cannot be raised for the first time on appeal)

(collecting cases).

In all events, even were the point preserved, it

would be unavailing. If CMM prevails on the merits, WPOR's

increase in listenership conceivably may represent a form of

unjust enrichment, calling for damages in the nature of

disgorgement. But an entitlement to money damages, without

more, rarely constitutes an adequate basis for injunctive

-15- 15

relief. In particular, the issuance of a preliminary

injunction requires a showing of irreparable harm to the

movant rather than to one or more third parties. In the

circumstances of this case, WPOR's use of a wrongfully

acquired database would not meet this benchmark. Such

conduct harms only other radio stations WPOR's competitors

not CMM itself.

V V

We need go no further. Because the relief sought

below a more sweeping preliminary injunction cannot

feasibly be granted under the changed circumstances that now

obtain, this appeal no longer presents a live controversy.

The appeal is moot and, therefore, this court lacks

jurisdiction to reach the merits.6 Appellate tribunals are

not, and should not be, in the surreal business of rendering

advisory opinions.

Appeal dismissed. Costs in favor of appellees. Appeal dismissed. Costs in favor of appellees.



6. We express no opinion either on the merits of the order
appealed from or on the issues that remain to be tried in the
lower court.

-16- 16