<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

[NOT FOR PUBLICATION   NOT TO BE CITED AS PRECEDENT]

United States Court of Appeals
For the First Circuit
                                No. 98-1838

                       PABLO LUGO ALICEA,

                     Plaintiff, Appellant,

                               v.

                     JOSE L. CABAN, ET AL.,

                     Defendants, Appellees.

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

         [Hon. Jos Antonio Fust, U.S. District Judge]

                             Before

Torruella, Chief Judge,
Coffin, Senior Circuit Judge,
and Selya, Circuit Judge.

    Jos R. Franco for appellant.
    Leticia Casalduc-Rabell, Asst. Solicitor General, with whom Carlos Lugo Fiol, Solicitor General, and Edda Serrano Blasini, Deputy Solicitor General, were on brief, for appellees.

March 22, 1999

                               

 SELYA, Circuit Judge.  After a jury acquitted plaintiff-
appellant Pablo Lugo Alicea (Lugo) of involuntary manslaughter,
Lugo turned the tables and sued the prosecution team   Secretary of
Justice Pedro Pierluisi and District Attorneys Jos L. Cabn,
Elmer Cuerda, Jaime Zambrana, and Mabel Ruiz   for money damages in
Puerto Rico's federal district court.  Within a few weeks, Lugo
filed an amended complaint.  See Fed. R. Civ. P. 15(a) (permitting
plaintiffs to amend once as of right before a responsive pleading
is filed).
    The defendants moved to dismiss the amended complaint
under Fed. R. Civ. P. 12(b)(6).  Lugo did not oppose the motion,
and the district court, after waiting nearly a year, granted the
requested relief in a brief, unpublished rescript.  We affirm,
albeit on slightly different reasoning.  See Hachikian v. FDIC, 96
F.3d 502, 504 (1st Cir. 1996) (stating that the court of appeals is
not wedded to the trial court's rationale, but may affirm its
ruling on any ground made manifest by the record); Polyplastics,
Inc. v. Transconex, Inc., 827 F.2d 859, 860-61 (1st Cir. 1987)
(similar).
    Federal pleading requirements are liberal, but they are
not entirely toothless.  See Gooley v. Mobil Oil Corp., 851 F.2d
513, 514 (1st Cir. 1988).  Here, Lugo's complaint contains four
statements of claim.  Two do not articulate separate causes of
action, but merely contain recitals of damages allegedly incurred.  
Of the other two, the first alleges an abridgment of Lugo's
constitutional rights, and the second alleges violations of local
law (specifically, Articles 1802 and 1805 of Puerto Rico's Civil
Code).  Because Lugo premises jurisdiction on the existence of a
federal question, 28 U.S.C.  1331, we focus our attention on the
first of these claims.
    Refined to bare essence, the claim in question recounts
that, following an automobile accident in which a fatality
occurred, the authorities charged Lugo with involuntary
manslaughter.  His complaint then recites that, in connection with
the ensuing criminal trial, "the defendants produced two different
croquis evincing two disparaging versions of how the accident took
place," and that one defendant, Cabn, "ordered the sworn version
of facts of one of the key witnesses to be changed in order to
better accommodate the Government's official version."  These acts,
the complaint avers, constituted "an illegal, unjustified, abusive
and excessive use of authority under color of law" and hence were
"in violation of the Due Process Clause [of the] Fifth Amendment to
the United States Constitution."
    The district court did not err in ruling that these
allegations failed to state a claim upon which relief could be
granted under federal law.  In order to transform a garden-variety
malicious prosecution claim into a claim that is actionable under
42 U.S.C.  1983, a plaintiff must establish both (1) action under
color of state law, and (2) a deprivation of a constitutional right
in consequence of that action.  See Roche v. John Hancock Mut. Life
Ins. Co., 81 F.3d 249, 253-54 (1st Cir. 1996).  Lugo's complaint
adequately limns state action, but it does not allege a
constitutional deprivation.  The claim invokes the Fifth
Amendment.  As pertinent here, the Fifth Amendment guarantees both
procedural due process and substantive due process.  Neither
guaranty helps Lugo.
    A section 1983 claim based on malicious prosecution
cannot be maintained under the rubric of procedural due process
where, as here, local tort law affords an anodyne for malicious
prosecution.  See Roche, 81 F.3d at 256; Perez-Ruiz v. Crespo-
Guilln, 25 F.3d 40, 43 (1st Cir. 1994); see also Raldiris v.
Levitt & Sons, 103 P.R.R. 778, 781 (1975) (confirming that Puerto
Rico law grants such remediation).
    Such a claim is on even shakier ground when viewed under
the substantive due process rubric.  In recent years, both the
Supreme Court and this court have held that there is no substantive
due process right to be free from malicious prosecution.  SeeAlbright v. Oliver, 510 U.S. 266, 271 n.4 (1994) (plurality op.);
Meehan v. Town of Plymouth, ___ F.3d ___, ___ (1st Cir. 1999) [No.
97-2235, slip op. at 7]; Roche, 81 F.3d at 256.  Consequently, the
district court did not err in dismissing, under Rule 12(b)(6), a
complaint that sought to transform a standard malicious prosecution
case into a due process violation.
    Lugo offers two rejoinders, neither of which has much
force.  First, he says that he may have a cause of action under the
Fourth Amendment.  That is a theoretical possibility, see, e.g.,
Roche, 81 F.3d at 256 n.5 (noting that "the Supreme Court left open
the possibility that a malicious prosecution claim might lie under
1983 on the basis of the Fourth Amendment"), but it is not the
cause of action that Lugo asserted in his complaint.  The facts, as
pleaded, do not bring a Fourth Amendment violation to mind.  At any
rate, the district court was entitled to consider the claim that
Lugo pleaded, and had no obligation to go outside the complaint in
search of new and different causes of action.  See Gooley, 851 F.2d
at 514.  This is especially so where, as here,  Lugo did not deign
even to file a memorandum in opposition to the defendants' motion
to dismiss.
    Second, Lugo says that the district court erred in not
affording him an opportunity to amend his complaint.  The short,
fully dispositive answer to this remonstrance is that Lugo never
asked the district court for leave to amend.  We have held with a
regularity bordering on the monotonous that a party who fails to
seek available relief in the nisi prius court cannot anticipate
receiving that relief in the first instance from this court.  SeeViquiera v. First Bank, 140 F.3d 12, 20 (1st Cir. 1998) ("A party
who neglects to ask the district court for leave to amend cannot
expect to receive such a dispensation from the court of appeals.");
Beaulieu v. United States IRS, 865 F.2d 1351, 1352 (1st Cir. 1989)
(similar).
    We need go no further.  Because Lugo failed to plead a
cognizable federal claim, his pendent claims under Puerto Rico's
Civil Code were properly dismissed as well.  See Martinez v. Colon,
54 F.3d 980, 990-91 (1st Cir. 1995); see also 28 U.S.C.  
1367(c)(3).

Affirmed.

</body>

</html>