986 F.2d 1407
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Shantee MONGA, et al., Plaintiffs, Appellants,
v.
GLOVER LANDING CONDOMINIUM TRUST, et al., Defendants, Appellees.
 No. 92-1478.
 United States Court of Appeals,
First Circuit.
 March 1, 1993
 
 Appeal from the United States District Court for the District of Massachusetts
 Shantee Monga and Dharam D. Monga on brief pro se.
 Philip C. Curtis, Peter L. Ebb and Ropes & Gray on brief for appellees.
 D.Mass.
 AFFIRMED.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 The plaintiffs/appellants, Dharam and Shantee Monga, are attorneys representing themselves pro se. They are appealing an order of the district court awarding the defendants/appellees attorneys' fees and costs in the amount of $301,709.56. The fee award arose from a multiple count complaint filed by the Mongas, in 1988, against the condominium trust that manages the condominium complex where the Mongas are owner/occupants, and two individuals an officer of that trust and the business manager of the complex. When their case was called for trial in February 1992, the district court denied their second request for a continuance and Mr. Monga stated that he was unready for trial. The Mongas' complaint was then dismissed for failure to prosecute. Similarly, we dismissed their appeal from that order of dismissal, in May 1992, for want of prosecution. Monga v. Glover Landing Condominium Trust, No. 92-1288 (1st Cir. May 27, 1992). Thus, what is presently before us is solely the appeal from the separate, and subsequent, order awarding fees and costs to the defendants.
 
 
 2
 The Mongas have filed an extensive brief contending, inter alia, that the defendants' fee petition is excessive and inadequately supported and that the district court order granting the petition is too terse to stand upon review. The Mongas' appellate arguments fail to scale a threshold barrier of their own making, however. Although they had the opportunity, they failed to file any objection in the district court in response to the quite-detailed request for fees and costs.[1] All the arguments vis-a-vis that petition that the Mongas are now making on appeal could have, and should have, been made to the district court. It is well settled and oft-repeated in this circuit that "issues not raised in the district court may not be raised for the first time on appeal." Calvary Holdings, Inc. v. Chandler, 948 F.2d 59, 64 (1st Cir. 1991). To the point is Blum v. Stenson, 465 U.S. 886, 892 n.5 (1984) (a party's failure to challenge in the district court the accuracy and reasonableness of the hours claimed in a fee petition or the facts asserted in the affidavits accompanying that petition waives her right to challenge on appeal the district court's determination that the number of hours billed was reasonable). See also Magicsilk Corp. of New Jersey v. Vinson, 924 F.2d 123, 125 (7th Cir. 1991) (by failing to raise any objection to the fee petition in the district court, either prior to or after the court's ruling on that petition, fee target has waived right to argue the issue of fees on appeal).
 
 
 3
 The Mongas' complaint concerning the district court's otherwise unexplicated endorsement of the fee petition as reasonable fees and costs fares no better. Having failed to object to the petition prior to the district court's action, the Mongas further failed to ask for reconsideration and elucidation from the district court when it entered the order, the deficiencies of which they presently argue at length. "[I]t is black letter law that it is a party's first obligation to seek any relief that might fairly have been thought available in the district court before seeking it on appeal." Beaulieu v. United States I.R.S., 865 F.2d 1351, 1352 (1st Cir. 1989).
 
 
 4
 While we may dispense with the raise-or-waive rule in an exceptional case to avoid a gross miscarriage of justice, United States v. Slade, 980 F.2d 27, 31 (1st Cir. 1992), we find no basis for the exercise of that power here. The Mongas offer no persuasive explanation for their failure to object below. They say that, after the court dismissed their case for failure to prosecute, they continued settlement negotiations[2] with the defendants and that the defendants indicated that, contingent upon execution of a settlement agreement, they would withdraw the fee petition. No agreement executed by both Mongas was ever reached.
 
 
 5
 That the Mongas were hoping to resolve this matter by agreement does not excuse their failure to object to a pending fee petition of which they were aware. Throughout the four year odyssey of this litigation, the Mongas always promptly and aggressively opposed motions filed by the defendants, including a prior motion for attorneys' fees sought in connection with a discovery dispute between the parties. In the present instance, at the very least, they could have, and should have, informed the district court of the ongoing communications and asked for an extension of time to respond to the petition or to hold the petition in abeyance for a short period of time. To the extent that the Mongas' present explanation implies that they were misled during these post-judgment communications into believing that they need not object to the fee petition, nonetheless, there is no excuse for their failure to seek reconsideration from the district court after it granted the petition.
 
 
 6
 Even were we to excuse the Mongas' failure to object to the fee petition, our resulting review of the district court's determination that the defendants' request represented reasonable fees and costs would necessarily be circumscribed by the procedural posture which the Mongas, themselves, have effectuated. The facts concerning the Mongas' conduct of this litigation, outlined in the defendants' fee petition, are unopposed and, in any event, are abundantly supported even by a superficial reading of the record. We mention but a few here to illustrate:
 
 
 7
 (1) The Mongas resisted discovery until enforced by an order of compulsion;
 
 
 8
 (2) They moved to reassign the case to another judge, which was denied; whereupon they moved for reconsideration, which was also denied;
 
 
 9
 (3) They moved to disqualify defendants' counsel, which was denied; whereupon they moved for reconsideration, which was also denied;
 
 
 10
 (4) When the court granted the Mongas' request of March 26, 1991 to continue the trial then scheduled for April 1, 1991, they were ordered to pay the expenses of one of the defendants, who had traveled to Boston in anticipation of, and preparation for, the April 1st trial date. Despite repeated requests for payment by the defendants and the court's denial of their motion for reconsideration of this order, those expenses were not paid until, in response to a motion for contempt filed by defendants, the court, on October 8, 1991, issued a further order directing the Mongas to pay the expenses by November 1, 1991 or risk dismissal of the case; And, finally,
 
 
 11
 (5) when the case was called for trial on Monday, February 3, 1992, Mr. Monga, appearing alone, requested another continuance, saying that his wife was sick and he was not ready to try the case. None of the dozens of proposed witnesses for the Mongas were present. According to Mr. Monga, his wife would not be available that week, but he hoped she would be available in the next 30 days. When the court asked what was wrong with her, Mr. Monga replied that she was not in the hospital but, "I understand that she is depressed and she has some injury." Although Mr. Monga and defendants' counsel had engaged in settlement negotiations that immediately preceding weekend, Mr. Monga had made no mention of his wife's illness.
 
 
 12
 We hasten to add that we are not suggesting that challenging discovery requests by an opposing party, filing certain motions, such as a motion to reassign the case or to disqualify opposing counsel, or moving to reconsider may not be, in ordinary circumstances, appropriate litigation options or are filed only at the risk of penalization. In these circumstances, however, we have no cause to review the merits of any of these motions filed by the Mongas. Their failure to prosecute their appeal from the order dismissing their complaint effectively forecloses any present argument that the district court erred in any of the underlying rulings. We could find no error in a conclusion by a district court, with its firsthand experience with the parties, that an award of attorneys' fees was appropriate under the sources of authority propounded by the defendants. See, e.g., Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978) (a district court can award fees to a prevailing defendant upon finding that the plaintiff's action was frivolous, unreasonable, vexatious, or without foundation, or that the plaintiff continued to litigate after it clearly became so)[3]; Chambers v. NASCO, Inc., 111 S. Ct. 2123, 2133 (1991) (the assessment of attorney's fees to sanction a litigant for bad-faith conduct, such as delaying or disrupting litigation, is within a court's inherent power).
 
 
 13
 Similarly, where the Mongas failed to challenge the defendants' affidavit that the hourly rates charged were their normal and customary billing rates or to challenge the number of hours attested as spent on this litigation, we would be hard pressed to find plain error or abuse of discretion in a district court's acceptance of those uncontested allegations as well. See McDonald v. McCarthy, 966 F.2d 112, 118-19 (3d Cir. 1992) (where a party fails to contest the accuracy and reasonableness of the fees requested, it waives its right to do so and the district court is not free to disregard uncontested affidavits and reduce the award requested unless the order is based on the court's personal knowledge as to the time expended on the case).
 
 
 14
 While the district court's review is "to ensure that a fee award, overall, is justified, and that the amount of the award comes within the realm of reasonableness, broadly defined[,]" it is not "the court's job either to do the target's homework or to take heroic measures aimed at salvaging the target from the predictable consequences of self-indulgent lassitude." Foley v. Lowell, 948 F.2d 10, 20-21 (1st Cir. 1991).[4] The Mongas' present complaint that the district court's failure to articulate the basis for the award has placed them "at a considerable disadvantage to attack the reasonableness of the award" is disingenuous. They had the opportunity to attack the reasonableness of the award in the district court but rebuffed that opportunity by failing to object or seek reconsideration. Their transparent attempt to deflect blame for their present position onto the district court is unconvincing. In these circumstances, we cannot fault the district court's succinct granting of the request in full as reasonable fees and costs. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1482 (9th Cir. 1992) (where fee target does not object to the amount of fees claimed, the district court is not required to make written findings on the twelve factors which it otherwise ought to consider when calculating a fee award), cert. dismissed, 61 U.S.L.W. 3060, 3155 (U.S. Oct. 29, 1992).
 
 
 15
 The Mongas having failed to preserve for appellate review any issue with respect to the fee award, the district court order of March 13, 1992 is, therefore, affirmed.[5] Costs to defendants/appellees. We deny their request for attorneys' fees with respect to this appeal.
 
 
 16
 Affirmed.
 
 
 
 [1]
 Contrast Foster v. Mydas Assocs., Inc., 943 F.2d 139 (1st Cir. 1991). In Foster, the losing plaintiffs filed an opposition to the fee request and sought a hearing (which never materialized) in the district court. Id. at 141. They had properly preserved, therefore, a challenge to the district court's determination
 
 
 [2]
 The defendants dispute the Mongas' characterization of the post-judgment communications as settlement "negotiations."
 
 
 [3]
 Christiansburg involved attorney's fees pursuant to Title VII, but the standards for assessing fees under Title VII and 42 U.S.C. § 1988 are identical. Hensley v. Eckerhart, 461 U.S. 424, 433 n.7 (1983)
 
 
 [4]
 In Foley, supra, at 19, a case involving public funding, we endorsed the right of the district court to review a prevailing plaintiff's fee petition and to award an amount reduced from that sought, despite a perfunctory objection by the losing municipality. Similarly, in Wojtkowski v. Cade, 725 F.2d 127, 130 (1st Cir. 1984), we upheld the authority of the district court to trim an inadequately supported fee request, despite the lack of opposition to the request from the losing municipal officers. Compare also Weinberger v. Great N. Nekoosa Corp., 925 F.2d 518 (1st Cir. 1991), where we found the inclusion of a clear sailing agreement, ancillary to a class action settlement, required heightened judicial oversight
 
 
 [5]
 Although the Mongas' notice of appeal purported also to appeal the May 1, 1991 order directing them to pay the travel expenses of one of the defendants in connection with the continuance from the original trial date of April 1, 1991, that claim is barred from review
 First, the order complained of became final and appealable upon entry of the district court judgment dismissing the case for failure to prosecute. The Mongas let their appeal from that judgment lapse in this court and we dismissed the appeal for want of prosecution in May 1992. They cannot resurrect that claim in this appeal from the subsequent entry of judgment as to attorneys' fees. See, e.g., Hamilton v. Daley, 777 F.2d 1207, 1210 (7th Cir. 1985).
 In any event, having exhausted the allowed 50 pages in their appellate brief, they attempt to raise this argument on page 50 solely by reference to, and purported incorporation of, record documents. As we have repeatedly said, "issues advertedto in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Zannino, 895 F.2d 1, 17 (1st Cir.), cert. denied, 494 U.S. 1082 (1990).