14-251-cv
United States ex rel. Keshner v. Nursing Personnel Home Care, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2014

(Submitted: April 30, 2015                    Decided: July 10, 2015[1])

Docket No. 14-251-cv

_____

UNITED STATES OF AMERICA ex rel. MAURICE KESHNER,

*Plaintiffs-Appellees*,

v.

NURSING PERSONNEL HOME CARE, WALTER GREENFIELD,

*Defendants-Appellants*.[2]

_____

Before: JACOBS, POOLER, and HALL, *Circuit Judges*.

_____

[1] This opinion was filed under seal on July 10, 2015, and the parties were permitted to request redactions of confidential information. Because the parties have not requested any redactions, the opinion is unsealed in its entirety.

[2] The Clerk of the Court is directed to amend the caption as above.

Appeal from the January 6, 2014 partial judgment of the United States District Court for the Eastern District of New York (Block, *J.*) awarding Keshner $185,962.12 in attorneys' fees pursuant to the attorneys' fees provision of the False Claims Act. We affirm, holding that Nursing Personnel waived its present challenge to specific time entries in Keshner's fee petition by failing to raise this objection before the district court. We remand for the limited purpose of awarding Keshner appellate attorneys' fees.

Affirmed and remanded.

———————————————

Avrom R. Vann, New York, NY, *for Defendants-Appellants Nursing Personnel Home Care and Walter Greenfield.*

Brian P. Kenney (Brian P. McCafferty, Tavy Deming, Kathryn M. Schilling, *on the brief*), Kenney & McCafferty, P.C., Blue Bell, PA, *for Plaintiff-Appellee Maurice Keshner.*

POOLER, *Circuit Judge*:

Defendants-Appellants Nursing Personnel Home Care and its president Walter Greenfield (collectively, "Nursing Personnel") appeal from a January 6, 2014 partial judgment of the United States District Court for the Eastern District

of New York (Block, *J.*) awarding Plaintiff-Appellee Maurice Keshner $185,962.12 in attorneys' fees pursuant to the attorneys' fees provision of the False Claims Act, 31 U.S.C. § 3730(d)(1). On appeal, Nursing Personnel challenges time entries in Keshner's fee petition as unrelated to work performed in this lawsuit. We hold that Nursing Personnel waived its present challenge to these time entries in Keshner's fee petition by failing to raise this objection before the district court. Accordingly, we affirm, and remand for the limited purpose of awarding Keshner appellate attorneys' fees.

## BACKGROUND

In 2006, Maurice Keshner asserted fraud claims on behalf of the United States against, inter alia, Nursing Personnel, a provider of home healthcare services to Medicare and Medicaid beneficiaries. Keshner's federal False Claims Act complaint alleged fraud against both Medicare and Medicaid. The United States and the State of New York subsequently undertook a joint investigation of Keshner's claims.

The parties ultimately settled the fraud claims in late 2009 and the federal settlement agreement stipulated, inter alia, that (1) Nursing Personnel pay the United States a settlement amount, and (2) the United States pay Keshner 18% of

3

this settlement amount as a qui tam award. The federal settlement agreement also explicitly preserved Keshner's claim for attorneys' fees and costs against Nursing Personnel. Under the False Claims Act, a qui tam plaintiff who obtains a settlement with a defendant is entitled to an award of reasonable attorneys' fees and costs. *See* 31 U.S.C. § 3730(d)(1).

After Nursing Personnel refused to pay Keshner's requested attorneys' fees, Keshner filed a motion for attorneys' fees before the district court. In opposing this motion, Nursing Personnel never contested the amount of attorneys' fees claimed by Keshner. It disputed only Keshner's entitlement to such fees. Specifically, Nursing Personnel raised two arguments: (1) Keshner was not a "prevailing party" entitled to fees under the False Claims Act, and (2) Keshner engaged in collusion, making an award of fees in *any* amount unreasonable. The district court rejected both of these arguments, and Nursing Personnel does not press either on appeal. The district court granted Keshner's motion and directed Nursing Personnel to pay attorneys' fees in the amount of $185.962.12.

Nursing Personnel subsequently appealed the award of attorneys' fees to this Court. *See Keshner v. Nursing Personnel Home Care*, 747 F.3d 159 (2d Cir. 2014)

4

(tracing the procedural history of this appeal). On appeal, Nursing Personnel argues that the district court abused its discretion by failing to reduce the amount of attorneys' fees claimed by Keshner, given that certain hours listed in Keshner's fee petition were allegedly spent working not on the federal suit, but rather on parallel state court proceedings. Nursing Personnel never raised this argument in challenging Keshner's attorneys' fees motion before the district court.

**DISCUSSION**

"[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). Before the district court, Nursing Personnel never took issue with any of the time entries claimed by Keshner's counsel, nor did it raise its present argument that Keshner's counsel was improperly seeking fees in the federal case for work performed in the state matter. Rather, Nursing Personnel consistently argued that "**no** amount of time or energy expended by attorneys in the prosecution of fraudulent claims, and no expenses incurred in doing so, can be 'reasonable.'" App'x at 141 (emphasis in original). Since Nursing Personnel never raised its present argument before the district court, the

5

contention falls within the ambit of our case law regarding unpreserved arguments.

However, the waiver rule is "prudential, not jurisdictional," and we have exercised our discretion to entertain new arguments "where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding." *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (internal quotation marks and citation omitted). Scrutiny of individual fee entries, however, is a task akin to fact-finding, better reserved for a district court in the first instance. *See Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008) (noting that "what constitutes reasonable attorney's fees in a given case" is "essentially [a] factual matter[]." (internal quotation marks omitted)). Moreover, we have noted that, "the circumstances normally do not militate in favor of an exercise of discretion to address new arguments on appeal where those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) (internal quotation marks and alterations omitted). Here, Nursing Personnel had numerous opportunities to raise its present argument before the district court. Indeed, Keshner's attorneys

specifically advised Nursing Personnel's counsel that "[t]he only legitimate

contest which . . . Nursing Personnel can make is regarding *how much* in

attorneys' fees should be awarded." App'x at 167 (emphasis added). Despite this

admonition, Nursing Personnel never objected below to any specific time entry

for Keshner's attorneys, nor did it even argue that the amount of fees should be

reduced. On appeal, Nursing Personnel provides no explanation for its failure to

raise its present argument below. Accordingly, we decline to exercise our

discretion to overlook its waiver.

Nevertheless, Nursing Personnel makes several arguments as to why the

waiver doctrine is inapplicable here. For the reasons discussed below, we do not

find any of these arguments persuasive.

First, Nursing Personnel argues that it was not required to object to specific

time entries because Keshner bore the burden of showing his entitlement to

reasonable fees. This argument is unavailing. The Supreme Court has recognized

that in the context of fee-shifting litigation, "[t]he fee applicant . . . must . . .

submit appropriate documentation to meet the burden of establishing

entitlement to an award." *Fox v. Vice*, --- U.S. ----, 131 S.Ct. 2205, 2216 (2011)

(internal quotation marks omitted); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437

7

(1983) (noting that "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."). Here, Keshner met his burden, as his attorneys provided fee petitions to the district court documenting and explaining their qualifications and their hourly rates, and containing a record of the time spent in support of Keshner's case. Nursing Personnel cites no authority for the proposition that, as part of this burden, Keshner and his attorneys were required to anticipate and refute every conceivable objection to their fee petition including issues not raised by the district court or opposing counsel.

Second, Nursing Personnel argues that even if it did not raise its present argument below, the issue is nevertheless preserved on appeal because the district court *implicitly* ruled that the fee entries were not duplicative when it deemed the fees "reasonable." Nursing Personnel notes that we do not consider arguments waived when, although not raised below, they were nevertheless passed on by the district court. *See United States v. Williams*, 504 U.S. 36, 41 (noting that courts "permit[] review of an issue not pressed so long as it has been passed upon" below). Yet to read this principle as broadly as Nursing Personnel argues would vitiate the rule regarding unpreserved arguments. When a district

8

court declares a fee award reasonable, it can hardly be presumed to have passed on any conceivable objection to the fees, including those not raised by the parties.

Finally, Nursing Personnel argues that, even if it failed to object to any specific portions of Keshner's fee petition, because the False Claims Act permits a district court to award only "*reasonable* attorneys' fees," 31 U.S.C. § 3730(d) (emphasis added), the district court was under an independent obligation to scrutinize Keshner's fee petition and detect the present alleged error. Thus, Nursing Personnel seeks to raise its present argument indirectly, arguing that the district court abused its discretion in failing to independently address this issue. This argument also fails. We decline to hold that the statute's mere use of the phrase "reasonable attorneys' fees" required the district court to identify, investigate, and remedy Nursing Personnel's present objection, even in the absence of the slightest objection as to the amount of the fees.

A district court should of course review any fee request, and (for all the record shows) the district court did so here. But courts have recognized an "independent obligation" to scrutinize a fee petition in limited circumstances, typically in situations implicating concerns regarding the adversarial process. *See, e.g., In re High Sulfur Content Gasoline Prods. Liability Litig.*, 517 F.3d 220, 227 (5th

Cir. 2008) ("In a class action settlement, the district court has an independent duty under Federal Rule of Civil Procedure 23 to the class and the public to ensure that attorneys' fees are reasonable and divided up fairly among plaintiffs' counsel."); *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 841 (3d Cir. 1994) (explaining that because of "the potential for conflicts of interest between the attorneys seeking compensation and their clients" the bankruptcy code "imposes upon the bankruptcy court an independent duty to scrutinize fee applications." (internal quotation marks omitted)); *Cunningham v. City of McKeesport*, 753 F.2d 262, 267 (3d Cir. 1985), *vacated on other grounds*, 478 U.S. 1015 (1986) ("In fund[-]in[-]court cases, because of the potential for conflicts of interest between the attorneys seeking compensation and their clients, the trial court has an independent duty to scrutinize fee applications."). Nursing Personnel fails to identify any particular concerns in the False Claims Act context which compel a similar independent obligation.

We note that the First Circuit has read the phrase "reasonable attorney's fee[s]" in a different fee-shifting statute "to confer both *responsibility* and authority upon the court to control the reasonableness of the fee." *See Wojtkowski v. Cade*, 725 F.2d 127, 130 (1st Cir. 1984) (emphasis added) (construing the text of

10

42 U.S.C. § 1988). Yet, even were we to adopt this reading and assume that the False Claims Act's use of the phrase "reasonable attorneys' fees" imposes a similar responsibility, *but see In re Boston Herald, Inc.*, 321 F.3d 174, 186 (1st Cir. 2003) (suggesting that this responsibility applies most clearly in cases where *public* funds are at issue), such a duty would still not extend far enough to rescue Nursing Personnel's present claim from waiver. While imposing a measure of responsibility upon district courts, the First Circuit has nevertheless held that any duty to scrutinize a fee application "does not divest a party opposing a fee award of its responsibility to protect its interests." *Foley v. City of Lowell*, 948 F.2d 10, 20–21 (1st Cir. 1991). Thus, we agree with the First Circuit that, "[w]hen, as here, a fee target has failed to offer either countervailing evidence or persuasive argumentation in support of its position, we do not think it is the [district] court's job either to do the target's homework or to take heroic measures aimed at salvaging the target from the predictable consequences of self-indulgent lassitude." *Id.* at 21; *see also Monga v. Glover Landing Condo. Tr.*, No. 92-1478, 1993 WL 50844, at *3–4 (1st Cir. Mar. 1, 1993) (unpublished decision).

The sole case cited by Nursing Personnel as support for its position, *United States ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1048–49 (6th

11

Cir. 1994), is inapposite. There, the Sixth Circuit held that the district court could "make modifications to account for unreasonable and excessive hours," in an exercise of its discretion, "even when [the] parties have stipulated to the reasonableness of the number of hours and the hourly rate." *Id.* at 1048. *Taxpayers Against Fraud* thus addresses the distinct issue of a district court's *discretion* to assess reasonableness when the parties agree to the amount of attorneys' fees. Although the Sixth Circuit instructed the district court to make findings as to reasonableness on remand, *id.* at 1048–49, it did not announce a general principle that district courts awarding "reasonable attorneys' fees" under the False Claims Act are *obligated* to engage in exacting scrutiny of fee petition entries even in the absence of objections from the opposing party.

Accordingly, we conclude that Nursing Personnel's present challenge to the fee award is waived, and we affirm the district court's award of fees in favor of Keshner. In addition, although we affirm, we remand to the district court for the limited purpose of awarding Keshner fees for defending this appeal. As discussed, Section 3730(d)(1) provides that a successful qui tam plaintiff shall receive "reasonable attorneys' fees and costs." 31 U.S.C. § 3730(d)(1). We see no reason why the award of reasonable fees should not include compensation for

12

time spent successfully defending this appeal. *Cf. Jimico Enters., Inc. v. Lehigh Gas Corp.*, 708 F.3d 106, 115 (2d Cir. 2013) ("Inasmuch as plaintiffs have prevailed in this action . . . they are entitled to fees for defending this appeal, in an amount to be determined on remand by the District Court."). Thus, "we direct the [district] court to include in the final award, upon the timely filing of a supplemental application in suitable form, reasonable attorney[s'] fees for services rendered in the successful [defense] of this appeal." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 428 (2d Cir. 1999).

## CONCLUSION

For the reasons given above, we affirm the judgment of the district court and remand for the limited purpose of awarding appellate attorneys' fees.