15-1310-cv
Berman DeValerio v. Olinski

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand sixteen.

PRESENT:  BARRINGTON D. PARKER,
          REENA RAGGI,
          PETER W. HALL,
                    *Circuit Judges.*
-------------------------------------------------------------------------
BERMAN DEVALERIO, WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP, SCHNADER HARRISON SEGAL & LEWIS LLP, COHEN, PLACITELLA & ROTH PC, KOHN, SWIFT & GRAF PC,

                              *Appellants*,


POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, individually and on behalf of all others similarly situated, WYOMING STATE TREASURER, WYOMING RETIREMENT SYSTEM, CITY OF PHILADELPHIA BOARD OF PENSIONS AND RETIREMENT, GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT, IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, LOS ANGELES COUNTY EMPLOYEES RETIREMENT SYSTEM, PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI,

                              *Plaintiffs*,

         v.                                    No. 15-1310-cv

1

JOHN OLINSKI, BLAIR S. ABERNATHY, SAMIR GROVER, SIMON HEYRICK, VICTOR H. WOODWORTH, BANC OF AMERICA SECURITIES, LLC, J.P. MORGAN SECURITIES INC., as successor-in-interest to Bear Stearns & Co., Inc., CITIGROUP GLOBAL MARKETS INC., COUNTRYWIDE SECURITIES CORPORATION, CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK SECURITIES INCORPORATED, DEUTSCHE BANK NATIONAL TRUST COMPANY, GOLDMAN, SACHS & CO., GREENWICH CAPITAL MARKETS, INC., INDYMAC SECURITIES CORPORATION, LEHMAN BROTHERS INC., MORGAN STANLEY & CO. INCORPORATED, UBS SECURITIES LLC, JPMORGAN CHASE & CO., RBS SECURITIES INC., MICHAEL W. PERRY, BANK OF AMERICA CORPORATION, as successor-in-interest to Merrill Lynch, Pierce, Fenner & Smith, Inc., COUNTRYWIDE SECURITIES CORPORATION,

*Defendants-Appellees*,

INDYMAC MBS, INCORPORATED, RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A5CB, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR9, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR11, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR6, RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A6, RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A7CB, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR13, INDYMAC INDB MORTGAGE LOAN TRUST 2006-1, INDYMAC HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST, SERIES 2006-H2, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR21, RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A8, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR19, INDYMAC INDA MORTGAGE LOAN TRUST 2006-AR1, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR23, RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A10, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR12, INDYMAC INDX MORTGAGE

LOAN TRUST 2006-AR25, INDYMAC INDX MORTGAGE LOAN TRUST 2006-R1, RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A11, INDYMAC INDA MORTGAGE LOAN TRUST 2006-AR2, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR27, INDYMAC HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST, SERIES 2006-H3, RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A12, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR29, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR31, INDYMAC INDX MORTGAGE LOAN TRUST 2006-FLX1, RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A13, RESIDENTIAL ASSET SECURITIZATION TRUST 2006-R2, INDYMAC INDA MORTGAGE LOAN TRUST 2006-AR3, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR14 (AND 5 ADDITIONAL GRANTOR TRUSTS FOR THE CLASS 1-A1A, CLASS 1-A2A, CLASS 1-A3A, CLASS 1-A3B AND CLASS 1-A4A CERTIFICATES, to be established by the depositor), RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A14CB, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR33, RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A15, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR35, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR37, RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A16, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR41, INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR39, RESIDENTIAL ASSET SECURITIZATION TRUST, INDYMAC INDX MORTGAGE LOAN TRUST, INDYMAC INDA MORTGAGE LOAN TRUST 2007-AR1, RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A1, INDYMAC INDX MORTGAGE LOAN TRUST 2007-FLX1, RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A2, INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR1, INDYMAC INDX MORTGAGE LOAN TRUST 2007-FLX2, RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A3, INDYMAC INDA MORTGAGE LOAN TRUST, INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR5,

RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A5, INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR7, INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR9, INDYMAC INDA MORTGAGE LOAN TRUST 2007-AR2, INDYMAC INDX MORTGAGE LOAN TRUST 2007-FLX3, INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR11, RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A6, INDYMAC IMSC MORTGAGE LOAN TRUST 2007-F1, RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A7, INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR13, INDYMAC INDA MORTGAGE LOAN TRUST 2007-AR3, INDYMAC INDX MORTGAGE LOAN TRUST 2007-FLX4, INDYMAC IMJA MORTGAGE LOAN TRUST 2007-A1, INDYMAC IMJA MORTGAGE LOAN TRUST 2007-A2, RAPHAEL BOSTIC, MOODY'S INVESTORS SERVICE, INC., THE MCGRAW-HILL COMPANIES, FITCH RATINGS, FITCH INCORPORATION,

*Defendants,*

LYNETTE ANTOSH, INDYMAC INDX MORTGAGE LOAN TRUST SERIES 2006-AR14, INDYMAC INDX MORTGAGE LOAN TRUST SERIES 2006-AR2, INDYMAC INDX MORTGAGE LOAN TRUST SERIES 2006-AR15, INDYMAC INDX MORTGAGE LOAN TRUST SERIES 2006-AR4, INDYMAC INDX MORTGAGE LOAN TRUST SERIES 2006-AR7, INDYMAC RESIDENTIAL MORTGAGE BACKED TRUST SERIES 2006-L2, INDYMAC RESIDENTIAL ASSET-BACKED TRUST SERIES 2006-D, FITCH RATING LIMITED,

*Consolidated Defendants,*

WILLIAM B. RUBENSTEIN,

*Amicus Curiae.*

-------------------------------------------------------------------------

APPEARING FOR APPELLANT:     SAMUEL ISSACHAROFF, New York, New York; (Joseph J. Tabacco, Jr., *on the brief*), Berman DeValerio, San Francisco, California.

4

APPEARING AS APPOINTED
AMICUS CURIAE IN SUPPORT OF
AFFIRMANCE:

WILLIAM B. RUBENSTEIN, Cambridge,
Massachusetts.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on March 24, 2015, is AFFIRMED.

Appellants, law firms representing the plaintiff class, appeal from an award of attorneys' fees and reimbursed expenses following a class action settlement. Specifically, they challenge the decision to award them 8.2% instead of 12.974% of the $346 million global settlement, the higher percentage falling within a fee cap that was agreed to *ex ante* by lead plaintiffs. They argue that "the fee negotiated *ex ante* between the [Private Securities Litigation Reform Act of 1995 ('PSLRA'), 15 U.S.C. §§ 77z-1 *et seq.*] Lead Plaintiff and Lead Counsel is entitled to serious consideration and a *presumption of reasonableness*." Appellants' Br. 30 n.17 (emphasis added). We assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

1.    Standard of Review

"[W]hether calculated pursuant to the lodestar or the percentage method, the fees awarded in common fund cases may not exceed what is 'reasonable' under the circumstances." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000). We review the reasonableness of a fee award only for abuse of discretion, *see id.*, which we will identify only if the award rests on an error of law or clearly erroneous fact finding, or

5

"cannot be located within the range of permissible decisions," *McDaniel v. County of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010) (internal quotation marks omitted). The abuse of discretion standard is particularly deferential in the context of fee awards because the "district court, which is intimately familiar with the nuances of the case, is in a far better position to make [such] decisions than is an appellate court, which must work from a cold record." *Goldberger v. Integrated Res., Inc.*, 209 F.3d at 48 (alteration in original) (internal quotation marks omitted).

2.      Failure to Apply a Presumption of Reasonableness to Negotiated Fees

Appellants maintain that the district court committed an error of law, specifically, by failing to accord a "presumption" of reasonableness to fees negotiated in a PSLRA case by the lead plaintiff and designated class counsel. No such argument appears to have been advanced in the district court.

Appellants' fee application articulated the lodestar and percentage methods as the governing standards and stated that "[t]he determination of a reasonable attorneys' fee is within the 'sound discretion' of the district court." App'x 758 (quoting *Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 248 (2d Cir. 2007)). In arguing that their requested fee was reasonable, appellants cited the negotiated agreement but made no mention of a *presumption* of reasonableness based upon the PSLRA. *See, e.g.*, *id.* at 759. In the section of their fee application entitled "The Requested Fee Was Negotiated with Lead Plaintiffs and Their Judgment Is Entitled to Great Weight," *id.* at 773, appellants argued that lead plaintiffs had "evaluated the Fee and Expense Application and believe[d] that it [was] fair and reasonable and

6

warrant[ed] approval by the Court," *id.*, without asserting that fee awards negotiated *ex ante* by PSLRA lead plaintiffs are entitled to a presumption of reasonableness.

It is axiomatic that "appellate courts ordinarily abstain from entertaining issues that have not been raised and preserved in the court of first instance." *Wood v. Milyard*, 132 S. Ct. 1826, 1834 (2012). Following this principle, we declined to reach the same presumption question here presented in *In re Nortel Networks Corp. Securities Litigation*, 539 F.3d 129 (2d Cir. 2008). There too, the plaintiff "never argued to the district court that the PSLRA altered the fee-award scheme in any way or created a presumption of reasonableness for fees agreed upon by the lead plaintiff." *Id.* at 132. Moreover, like appellants here, the *Nortel* plaintiff only cited *In re Cendant Corp. Litigation* (*Cendant I*), 264 F.3d 201 (3d Cir. 2001), "the Third Circuit authority upon which it [] primarily relie[d]," for the first time on appeal. *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d at 132.

Appellants attempt to distinguish this case from *Nortel* by arguing that they cited to cases in the fee application, which in turn cited to *Cendant I*, thereby preserving the issue "at the core of this appeal." Appellants' Reply Br. 8. The argument is unpersuasive. The citations, read in context, would not be understood to urge a *presumption* of reasonableness. *Cf. United States ex rel. Keshner v. Nursing Pers. Home Care*, 794 F.3d 232, 235 (2d Cir. 2015) (rejecting contention that argument was implicitly passed upon below because "[w]hen a district court declares a fee award reasonable, it can hardly be presumed to have passed on any conceivable objection to the fees, including those not raised by the parties").

7

Rather, here, as in *Nortel*, the only argument presented was "that the district court should give 'great deference' to [the PSLRA lead plaintiff's] view that the negotiated fee was fair and reasonable because [the PSLRA lead plaintiff] was an institutional investor with a significant monetary interest in the settlement." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d at 133. If "[t]his argument was not sufficient to preserve the issue for appeal" in *Nortel*, *id.*, no more so can appellants' argument below that the negotiated fees were "entitled to great weight." App'x 773.

Our conclusion is reinforced, not undermined as appellants argue, by the absence of any reference to a presumption in the district court's thorough and well-reasoned 22-page memorandum opinion. *See United States v. Griffiths*, 47 F.3d 74, 77 (2d Cir. 1995) (ruling that issue was not properly preserved for appeal, considering it significant that neither magistrate judge nor district court referenced theory when ruling below).

To the extent "[w]e retain broad discretion to consider issues not timely raised below[,]" *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 159 (2d Cir. 2003) (internal quotation marks omitted), we decline to exercise that discretion here. Although a declaration in support of the fee application explained the existence of fee agreements and generally described their terms, the agreements themselves were never entered into the record. *See generally id.* at 160 n.7 (describing "excerpts from deposition testimony describing the scope of the engagement" as meager evidence). Thus, even if the presumption issue presented a pure question of law, as a practical matter, the district court did not abuse its discretion in failing to apply a presumption of reasonableness to contract terms that were never before

8

it. *See id.* at 160 (declining to reach unpreserved issue, even if pure question of contract law, because resolution would "require ill-advised guesswork" based on "obstacle that the contract has not been furnished to us").

Nor will our refusal to address the presumption issue here work a manifest injustice. Contrary to appellants' contentions, *Flanagan, Lieberman, Hoffman & Swaim v. Ohio Public Employees Retirement System*, 814 F.3d 652 (2d Cir. 2016), does not control the question presented by this appeal, nor does it constitute intervening authority that would excuse their failure to raise the argument below. *See In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 243–44 (2d Cir. 2016) (explaining that to excuse waiver on ground of intervening authority, new authority cannot simply have sharpened or elaborated on point; it must have established argument not earlier available to party seeking to excuse waiver).

In any event, *Flanagan* drew on—but declined fully to embrace—*In re Cendant Corp. Securities Litigation* (*Cendant II*), 404 F.3d 173 (3d Cir. 2005), in applying a rebuttable "presumption of correctness" to a fee request that emanated "from non-lead counsel for work completed after lead plaintiff's [sic] appointment and lead plaintiffs advocate[d] for non-lead counsel to receive a portion of a previously-capped percentage-of-the-fund award." *Flanagan, Lieberman, Hoffman & Swaim v. Ohio Pub. Employees Ret. Sys.*, 814 F.3d at 658. That is not this case, which implicates different concerns from those typically arising when there is no dispute about the apportionment of fees between class counsel *after* the aggregate fee has been extracted from the common fund.

In the fee-setting context here and in *Cendant I*, a court acts as the fiduciary of absent class members whose recovery could be diminished by an excessive aggregate fee. *See Goldberger v. Integrated Res., Inc.*, 209 F.3d at 52 (instructing district courts to act as "guardian of the rights of absent class members" in fee-setting context (internal quotation marks omitted)).  Such absent class members frequently hold small individual stakes and lack sufficient knowledge and expertise to scrutinize or advocate against a potentially excessive fee award.  *Flanagan* acknowledged this concern in applying a presumption of reasonableness in the narrow context of allocating a "*capped* percentage-of-the-fund recovery," a situation with no bearing on class members' individual recoveries.  *Flanagan, Lieberman, Hoffman & Swaim v. Ohio Pub. Employees Ret. Sys.*, 814 F.3d at 658, 659 (emphasis added).  Indeed, *Flanagan* explicitly declined to decide whether such a presumption applied to a dispute about "fees that, if paid, would *diminish class members' recovery*," *id.* at 658 (emphasis added), the situation here.

Significantly, in deciding not to hear an analogous unpreserved presumption argument in *Nortel*, this court

> examined the PSLRA and its legislative history[ and] found nothing indicating a congressional intent for courts to consider the fees agreed upon by PSLRA lead plaintiffs as presumptively reasonable.  Indeed, the only PSLRA provision related to attorneys' fees places an obligation on district courts to ensure independently that fees are reasonable: "Total attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class."  15 U.S.C. § 78u–4(a)(6).

*In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d at 133 (footnote omitted). In these circumstances, we conclude that declining to address appellants' presumption argument on appeal will not work a manifest injustice.

Accordingly, we conclude that the claim is not properly presented on appeal and that there are no circumstances warranting the exercise of our discretion to consider it.

3.      Conclusion

We have considered appellants' remaining arguments and conclude that they are without merit. Significantly, appellants do not challenge, and we therefore need not review, the district court's application of the percentage-of-the-fund or lodestar methodologies dictated by controlling precedent in awarding fees. We therefore AFFIRM the March 24, 2015 order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court