*United States v. Areizaga-Rosa*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand seventeen.

PRESENT:

> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> JOHN G. KOELTL,
> > *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

>   *Appellee*,

>   v.                                                         No. 16-176

VICTOR ANGUIERA, AKA PITO, VICTOR MONGE, AKA PEE WEE, BORIS AGUAYO-MATOS, AKA BORI, AKA MIKEY, AKA BORIS, JOSE ALTRECHE, JESUS TRINIDAD-RIVERA, JONATHAN CRUZ-HERNANDEZ, AKA JAYSON RODRIGUEZ-IRIZARRY, RICARDO ORTIZ-ROSA,

>   *Defendants*,

---

[*] Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

NELSON AREIZAGA-ROSA,

        *Defendant-Appellant.*

_____

FOR APPELLANT:                  MARIANNE MARIANO, Federal Public Defender's Office for the Western District of New York, Buffalo, NY.

FOR APPELLEE:                JOSEPH J. KARASZEWSKI, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo NY.

Appeal from an order of the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's orders of October 28, 2015, and January 12, 2016, are **VACATED** and the case is **REMANDED** for reconsideration.

In 2013, Defendant-Appellant Nelson Areizaga-Rosa pleaded guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to conspiring to possess with intent to distribute 500 grams or more of cocaine. He was sentenced to 180 months' imprisonment. Rule 11(c)(1)(C) permits the government and a defendant to "agree that a specific sentence or sentencing range is the appropriate disposition of the case." Fed. R. Crim. P. 11(c)(1)(C). The rule "binds the court [to the agreed-upon sentence] once [it] accepts the plea agreement." *Id.*

In 2014, Areizaga-Rosa moved pursuant to 18 U.S.C. § 3582(c)(2) for a sentence reduction with respect to his 2013 sentence in light of Amendment 782 to the United States Sentencing Guidelines (the "Guidelines"), which lowered the Guidelines range applicable to his offense. In October 2015, the District Court denied his motion, and in January 2016, the court denied his further motion for reconsideration. The court found that Areizaga-Rosa was ineligible for a sentence reduction, reasoning that his Rule 11(c)(1)(C) sentence did not satisfy the requirement of § 3582(c)(2) that his sentence have been "based on" the

2

Guidelines. App. 239 (citing 18 U.S.C. § 3582(c)(2)). Areizaga-Rosa now appeals these rulings. We assume the parties' familiarity with the underlying facts and the procedural history of this case, to which we refer only as necessary to explain our decision.

Section 3582(c)(2) of title 18 allows a district court to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In *Freeman v. United States*, 564 U.S. 522 (2011), the Supreme Court, determined in a split decision, that at least some sentences imposed under Rule 11(c)(1)(C) agreements are properly viewed as "based on" the Guidelines and thus are eligible for § 3582(c)(2) sentence reductions. As we recently discussed in *United States v. Leonard*, 844 F.3d 102 (2d Cir. 2016), however, no single rationale for the holding was adopted by a majority of the Justices. *Id.* at 107–09. In *Leonard*, we found no need to decide whether the reasoning of either the plurality opinion (written by Justice Kennedy) or concurrence (by Justice Sotomayor) dictated the proper analysis: because the defendant's sentence in *Leonard* could be viewed as "'based on' the Sentencing Guidelines under the reasoning of either the plurality or the concurrence," his sentence was eligible for a reduction. *Id.* at 109 (quoting 18 U.S.C. § 3582(c)(2)).

We think Areizaga-Rosa's sentence similarly satisfies the standards set out in both the plurality and concurrence. The *Freeman* plurality concluded that sentences imposed pursuant to Rule 11(c)(1)(C) are "based on" the Guidelines whenever "the judge uses the sentencing range as the beginning point to explain the [sentence]." 564 U.S. at 529 (plurality opinion). This is surely true here, where the sentencing colloquy reflected that the District Court calculated the Guidelines range and then sentenced Areizaga-Rosa to a term of imprisonment within that range—a term that coincided with the sentence proposed in the plea agreement. The concurrence, in contrast, reasoned that a sentence imposed under Rule 11(c)(1)(C) is "based on" the Guidelines so long as the parties' plea agreement "make[s] clear that the basis for [its] specified term [of imprisonment] is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Id.* at 539 (Sotomayor, *J.*, concurring). The District Court here, looking to the concurrence as the controlling, narrower approach, held that Areizaga-Rosa's plea agreement was insufficiently clear in this regard.

3

We disagree. Areizaga-Rosa's plea agreement contained a detailed Guidelines calculation and proposed a sentence within one of the Guidelines ranges set out in the agreement. The District Court imposed a sentence within one of those ranges and at the level proposed by the parties. We think this sentence is also sufficiently "based on" the Guidelines to satisfy the concurrence's standard.

The government argues primarily that the plea agreement's identification of two different sentencing ranges and its use of the phrase "notwithstanding the above calculations" before reciting the parties' agreed upon sentence establishes that the basis for the agreement's proposed sentence was not the Guidelines. App. 75–76. We are not persuaded, however, that these features of the agreement are dispositive when weighed against the agreement's extensive attention to the potentially applicable Guidelines ranges, its careful calculation of those ranges, and its selection of a term of imprisonment within one such range—elements that we find more compelling. In our view, therefore, the sentence is fairly read as "based on" the Guidelines under the concurrence's analysis as well as the plurality's. *See Freeman*, 564 U.S. at 529 (plurality opinion); *id.* at 539 (Sotomayor, *J.*, concurring).

Because the District Court erred in concluding that Areizaga-Rosa's Rule 11(c)(1)(C) sentence was ineligible for a reduction under § 3582(c)(2), we vacate the District Court's orders and remand for reconsideration of Areizaga-Rosa's motion for such a reduction.

\* \* \*

For these reasons, the orders of the District Court are **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

4