16-4322-cr
US v. Ortiz-Rosa

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY  ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of April, two thousand eighteen.

Present:  ROSEMARY S. POOLER,
    REENA RAGGI,
    CHRISTOPHER F. DRONEY
    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

    *Appellee*,

   v.             16-4322-cr

RICARDO ORTIZ-ROSA,

    *Defendant-Appellant*.[1]

_____

Appearing for Appellant:  Lucas Anderson, Rothman, Schneider, Soloway & Stern, LLP, New York, N.Y.

Appearing for Appellee:  Monica J. Richards, Assistant United States Attorney *for* James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York, Buffalo, N.Y.

---

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision and order of said District Court be and it hereby is **VACATED** and **REMANDED**.

Defendant-Appellant Ricardo Ortiz-Rosa appeals from the December 9, 2016 decision and order of the United States District Court for the Western District of New York (Skretny, *J.*) denying Ortiz-Rosa's motion for reconsideration of the district court's denial of his second motion to reduce his sentence pursuant to 18 U.S.C. § 3582. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"Where, as here, a defendant seeks a sentence reduction based on a retroactive Guidelines amendment, a district court must determine (1) whether the defendant is eligible for a reduction pursuant to 18 U.S.C. § 3582(c)(2), and (2) whether a reduction is warranted in light of the factors listed in 18 U.S.C. § 3553(a)." *United States v. Leonard*, 844 F.3d 102, 106-07 (2d Cir. 2016) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)). "Because the initial eligibility question … depends on statutory interpretation, our review is *de novo*." *Id.* at 107 (citing *United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009)).

Ortiz-Rosa contends that he is eligible for sentencing modification pursuant to Section 3582, in light of Amendment 782 to the United States Sentencing Guidelines, made retroactive by Amendment 788, which lowered the applicable Guidelines calculations for most drug offenders. This is the second time Ortiz-Rosa makes this argument. On his first Section 3582 motion, the district court found him ineligible for a sentence reduction based on its interpretation of the Supreme Court's decision in *Freeman v. United States*, 564 U.S. 522 (2011). On February 9, 2016, Ortiz-Rosa appealed the district court's sentence reduction denial, but on July 12, 2016, stipulated to dismissal of that appeal with prejudice.

Five months later, on December 14, 2016, this Court decided *Leonard*, which discussed *Freeman's* effect on Section 3582 eligibility. Based on *Freeman* and *Leonard*, this Court concluded that Ortiz-Rosa's co-defendant was eligible for a Section 3582 reduction. *See United States v. Areizaga-Rosa*, 677 F. App'x 15 (2d Cir. 2017).

In denying Ortiz-Rosa's second Section 3582 motion, the district court did not consider the merits of that petition. Instead, it stated that this Court had upheld the determination that Ortiz-Rosa was ineligible for Section 3582 relief on Ortiz-Rosa's appeal from the denial of his first motion. This was incorrect. In ordering dismissal pursuant to the parties' stipulation, this Court did not reach the merits of Ortiz-Rosa's eligibility.

The government does not contend otherwise. Instead, it contends that Ortiz-Rosa is barred by res judicata from pursuing a second Section 3582 motion based on the same Guidelines amendments. The government had no opportunity to present this res judicata argument below because the district court *sua sponte* dismissed thirteen days after filing based on its misconstruction of the appellate ruling.

We do not here decide whether res judicata is properly invoked in these circumstances to bar a second Section 3582 petition. "It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *United States ex rel. Keshner v. Nursing Personnel Home Care*, 794 F.3d 232, 234 (2d Cir. 2015) (quoting *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994)) (brackets omitted). Nor do we decide whether a stipulated dismissal of an appeal of the denial of such a petition based on ineligibility precludes a defendant from pursuing a second Section 3582 motion in the particular circumstances of this case. We conclude only that the district court's denial of Ortiz-Rosa's second motion must be vacated because it rests on a misapprehension that this Court reached the merits of Ortiz-Rosa's first appeal. We remand for the district court to reconsider Ortiz-Rosa's second Section 3582 motion in light of the fact that our dismissal order, although with prejudice, expressed no view on the merits. All parties should be afforded an opportunity to be heard.

Accordingly, the order of the district court regarding Ortiz-Rosa's eligibility for Section 3582 relief hereby is VACATED and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3